[Filed November 19, 1885.]
## OCTAVE NORMANDIN v. E. GRATTON.

ACCOUNT STATED — SETTLEMENT — EFFECT OF. — A settlement between parties is *prima facie* to be deemed a settlement of all demands, but is not conclusive, and is no bar to a recovery for matters not included in it, though existing at the time.

ID. — EVIDENCE. — In an action upon such an account evidence may be admitted to show that certain transactions between the parties prior to the settlement were not included in it. Such evidence does not go to impeach the account.

ACTION upon an account stated and also upon a promissory note from defendant to plaintiff which had matured prior to the date of said settlement. The answer admitted the settlement, but alleged payment, and further "that at the date of the account stated of July 31, 1883, the note was · long past due." On the trial the defendant showed payments of money to the plaintiff exceeding the amount of his demands. The plaintiff being called in rebuttal was asked to "state whether or not the note in controversy was included in the account stated of July 31, 1883," and also "was it (the payments above referred to) paid to you on any matters that are included in this suit, or was it on matters outside of this suit." Both questions were duly objected to as incompetent, and the rulings of the court permitting the witness to answer are alleged as error.

*X. N. Steeves,* for Appellant.

The note sued on was due respondent before and at the time of this settlement, and the presumption of the law is that the note was included in the settlement. (*Smith* v. *Tucker,* 2 Smith, E. D. 193.) Before the respondent can offer evidence to contradict the settlement he must allege fraud or mistake. (*Hager* v. *Thomson,* 1 Black, 80 ; *Bullock* v. *Boyd,* 2 Edw. Ch. 293 ; *Levi* v. *Karrick,* 13 Iowa, 344 ; *Smith* v. *Bissell,* 2 Greene, G. 379.) An account stated is presumed to include all previous transactions. (*Dutcher* v. *Porter,* 63 Barb. 15 ; *Dorsey* v. *Kollock,* 1 N. J. L. 35.) If plaintiff desired to show that the payments made to him were to be applied upon other matters he should have so pleaded, as this was matter of confession and avoidance. (*Brown* v. *Perry,* 14 Ind. 32 ; *Brazill* v. *Isham,* 1

Smith, E. D. 437.)   It is too late to apply the payments at the trial.   (*Baker* v. *Stakpole*, 12 Serg. & R. 301; *Harker* v. *Conrad*, 14 Am. Dec. 691, n.)   And the application must be to a valid and legal claim.   (*Brady* v. *Hill*, 1 Mo. 315.)

*Alfred F. Sears, Jr.,* for Respondent.

This question and answer was a proper matter for the consideration of the court.   By his answer the defendant relied upon a merger of the note in the account stated of July 31, 1883.   In order to show that it was not included, this question was properly asked and the answer properly received.   (*Dorsey* v. *Kollock*, 1 N. J. L. 35; *Ryan* v. *Rand*, 26 N. H. 13; *Nichols* v. *Scott*, 12 Vt. 47.)   And the fact that the plaintiff had the note in his possession was another circumstance.   (*Dorsey* v. *Kollock*, *supra;* Code, § 766, subd. 11.)   The second error assigned by the appellant was in the court permitting the following question to be answered, which was propounded to the plaintiff as a witness, when called in rebuttal:     "Was the $676.70 paid to you on any matters that are included in this suit, or was it on matters outside of this suit?"   Answer.   "It was on matters outside of this suit."   Why was not this a proper question?   The defendant had testified to payments made by him to the plaintiff; why had not the plaintiff a right to show on what these payments were made?   He was the creditor, the debtor had made no applications of payment; this gave him a right to make the application.

LORD, J.—The question asked and answered by the witness was evidence tending to rebut the presumption of the settlement alleged, including all demands between the parties, and was admissible.   It is conceded that a settlement between the parties is *prima facie* to be taken as a settlement of all demands, but is not conclusive, and is no bar to a recovery for matters not included in the settlement, though existing at the time.   (*Nichols* v. *Scott*, 12 Vt. 47; *Ryan* v. *Rand*, 26 N. H. 15.)   The object of the question was to show that the matter referred to was not included in the account stated, and thus rebut the presumption

that it included all previous transactions.    (Whart. Ev. § 1331, notes.)    As such the question was admissible, and the objection was properly overruled.    It is true the answer might have been more explicit and specified the transactions with more particularity, but in failing to develop this, the plaintiff saw the risk of this evidence proving unsatisfactory for the purpose offered. And yet, if it was unsatisfactory to the adverse party, he had the opportunity of cross-examination, and could have compelled a further explanation.    As it was, the parties were content to submit the matter to the tribunal whose province it was to adjudge the fact, and as this resulted adversely to the appellant, it is not perceived how we can remedy it.    To impeach an account stated, either fraud or mistake must be shown to exist; but that is not the question involved in this case.    In respect to the note, it is sufficient to say that the same principle already discussed is applicable to it.

Upon this record we cannot do otherwise than affirm the judgment.