[Filed January 21, 1891.]

FLEISCHNER, MAYER & CO. v. K. KUBLI ET AL.

STARE DECISIS. — *Holmes* v. *Page*, 19 Or. 232, and *Truman* v. *Owens*, 17 Or. 523, approved and followed.

ACCOUNT STATED — FOR WHAT CAUSES OPENED. — An account stated can only be opened for fraud, error or mistake, and the fraud, error or mistake relied upon must be set forth in the answer.

ACCOUNT RENDERED — "E. & O. E."— An account rendered which has at the end the usual initials, E. & O. E., will become a stated account if not objected to within a reasonable time, with like effect in every respect as if it did not contain those initials.

ACCOUNT RENDERED — ITEMS.— An account rendered which begins on the debit side to balance without giving the items which constituted such balance, when accounts are rendered annually between the parties, and such balance is brought forward from last year's balance, will become a stated account if not objected to within a reasonable time.

REASONABLE TIME — QUESTION OF LAW.— What is a reasonable time when the facts are undisputed, is a question of law.

INSTRUCTION — DUTY OF THE COURT.— In an action upon an account stated, when it appears that the same had been rendered and forwarded by mail by the creditor to the debtor residing in the same state about six months before any objections were made thereto, it is the duty of the court to instruct the jury, if requested, that said account becomes a stated account.

Jackson county: L. R. WEBSTER, Judge.

Plaintiffs appeal.   Reversed.

This is an action to recover the sum of $971.18 on an account stated.   The defendants had judgment in the court below, and the plaintiffs have appealed.   The testimony tended to show that plaintiffs were wholesale merchants doing business in Portland, Oregon, and the defendants retail merchants doing business as partners in Jackson county, Oregon; that dealings between the parties covered a period of seven or eight years; that during that time the plaintiffs furnished the defendants with several statements of account: the first was dated June 1, 1883, and showed a balance of $2,148.69 in favor of the plaintiffs; the second was dated December 26, 1885, and showed a balance in favor of the plaintiffs of $3,483.66; the third was dated December 20, 1886, and showed a balance in favor of the plaintiffs of $3,693.16; the fourth, dated December 20, 1887, and showed a balance of $1,606.01 in favor of the plaintiffs; the fifth, dated February 10, 1888, and showed a balance of $971.78 in plaintiffs' favor.   Statement No. 2 contained an item of interest of $420.80; No. 3, an item of interest of $251.74; No. 4, an item of interest of $240.60.   At the end of each statement were the letters E. & O. E.   The only objections which the defendants ever made to any of these statements prior to August 27, 1888, are in the following letters addressed by the defendants to plaintiffs:

"APPLEGATE, February 7, 1888.

"*Messrs. Fleischner, Mayer & Co., Portland, Oregon*—GENTS: Would you kindly send us statement in full of all our dealings, in order to make a settlement? Also please explain why your statements do not show a credit to us of $3.75 error on merchandise, invoice June 23, 1883. Also why our account is charged with cash, November 23, 1883, $58.74. Our books show no such item.

"KUBLI & BOLT."

The corrections suggested in this letter were promptly made by the plaintiffs. On the 14th day of February, 1888, the defendants sent the following letter to plaintiffs with a remittance:

"APPLEGATE, February 14, 1888.

"*Messrs. Fleischner, Mayer & Co., Portland, Oregon*—GENTS: Enclosed please find check on First National Bank for fifty-eight and 65-100 dollars, which you will please credit Kubli & Bolt.

"KUBLI & BOLT."

On the 27th day of August, 1888, the defendants sent the following communication to the plaintiffs after being again pressed to pay the balance of the account:

"APPLEGATE, August 27, 1888.

"*Messrs. Fleischner, Mayer & Co., Portland, Oregon*—GENTS: Referring to your letter enclosing statements of account, we would say that according to our books and your statements, we have paid our account in full. The balance shown by your statements is interest, and interest upon interest. As your salesman sold us goods upon our own time, and as we never agreed or promised to pay any interest whatsoever, we are surprised to receive your statement with request to remit.

"KUBLI & BOLT."

The defendant Bolt testified upon the trial in substance as follows: I am one of the defendants in this action, and we commenced doing business with Fleischner, Mayer & Co. in 1881; that about that time a stranger claiming to be Mark A. Mayer, a son of one of the members of the firm of

Fleischner, Mayer & Co., and claiming to be a partner of the concern, wished to sell me goods; was then dealing in San Francisco; was in debt considerably then, and couldn't very well deal with Fleischner, Mayer & Co.; Mayer told me that if we dealt with them we could have all the time we wanted to pay, without interest, and without any dunning letters. Finally he offered me goods very low, reasonable, and I bought a bill of goods of him. We continued business right along. They sent us accounts and statements right along, a great many of them. I never remember of having made any direct response to them. Whenever we could spare money we sent it to them. That he understood the letters E. & O. E. to mean that it gave either party the right to correct any errors. (Witness here identified certain statements, and plaintiffs admitted they were the ones sent.) When I received the statement I did not think it necessary to reply particularly. When I received the statement of February 10, 1888, I was on my ranch on Humbug, sick in bed, about three-quarters of a mile from my former place of business, not being in business at that time, having gone out of the mercantile business about two months before. This witness also produced and submitted in evidence the following letter from the plaintiffs:

PORTLAND, Oregon, August 31, 1888.

"*Messrs. Kubli & Bolt, Applegate, Oregon*—DEAR SIRS: We are in receipt of yours of the 27th. Contents noted. We are very much surprised, indeed, that you should raise any question as to the balance due on your account, and especially that you should at this late day make any objection to the interest. It is our invariable rule to charge interest on all overdue accounts, and in doing so we only get back a portion of the large amount of interest that we have to pay the banks in order that we may be enabled to extend to you and other customers the accommodation they require. In your case we have charged interest after six months' time on all your bills, which is certainly a long credit. When you take into consideration the fact that the interest charged covers a

period of seven years' business, you must admit that the amount is not unreasonable, and it certainly only partially reimburses us for what we have paid out in interest in order that we might accommodate you.  We have sent you statements from time to time with interest charged thereon, and have your acknowledgment that you have received the same, and at no time in all these years have you ever made the slightest objection to the interest charged.  We are certainly entitled to the balance due us as per statement rendered, and must insist upon your remitting in settlement of same; otherwise we shall be compelled to send the account to an attorney for collection.

" Hoping to hear from you promptly, we remain,

" FLEISCHNER, MAYER & CO."

The witness after introducing another letter from plaintiffs, continued:  "Since then (date of last letter) I have never received any other statement or letter.  I think my partner, Mr. Kubli, did just before this suit was commenced.  I have met a member of the firm.  It was when Mr. Mark A. Mayer sold us the first bill of goods; after that it was traveling men. No member of the firm informed me personally that they would charge interest, or change first agreement in relation to selling us goods."  On his cross-examination the witness' attention was called to each statement, and he admitted they were received by the defendants, and that no objections were made thereto.  The following letter, written by the defendants to plaintiffs, was identified by this witness, and offered in evidence by plaintiffs:

"APPLEGATE, Oregon, March 30, 1886.

" *Messrs.  Fleischner,  Mayer  &  Co.,  Portland,  Oregon*— GENTLEMEN:  Your communication of the 25th inst. asking for a remittance, received, and will say that we will dispose of some cattle by April 20th, and then we will remit without fail.

"Thanking you for your long patience, we are,

"KUBLI & BOLT."

The court, among others, gave the jury the following instructions: "4. What is such reasonable time, is, in this case, a question for the jury. It is for you to say, gentlemen. In determining that question, you must take into consideration all of the circumstances surrounding the transaction. Among other things, the distance between Portland, the place where the plaintiffs reside, and Applegate postoffice, or Applegate, the place where the defendants reside, or where the firm (I don't know particularly where the defendants reside), but where the firm, Kubli & Bolt, did business at that time. You will also take into consideration the mail connections between these two places, namely, Portland and Applegate, the facilities they had of communicating by mail to each other. You will also take into consideration the previous transactions, business relations and the course of dealing between the parties, the circumstances under which their account was received by the defendants, and all of the circumstances connected with and surrounding the whole transaction, and from all these, you are to say, gentlemen of the jury, whether any objection was made to the account by Kubli & Bolt within a reasonable time after it had been received by them.

"10. Now, a stated account must be an account that exhibits the items which constitute such an account. For one person to make a stated account against another, he must show the items of the account; items which make up the account.

"11. If, however, gentlemen of the jury, you are satisfied from the evidence in this case that the account sent by the plaintiffs in this case to the defendants, and which, it is claimed here, ripened into an account stated by the failure of the defendants to object—if you are satisfied the account did not contain the items of the account, the items which make up the balance—still, if you are satisfied from the whole evidence in the case that that account made contains the items of account, the items which made up the balance—still, if you are satisfied from the whole evidence in the case

that that account made such reference either by direct terms or by reason of the course of business between the parties— made reference to other statements of account then in possession of the defendants, which statements of account did show all of the items — that will be sufficient so far as the character of the account is concerned; so far, in other words, as showing the items of the account. An account which simply shows a balance, without setting out the items from which the balance arose, is not a statement of account. As I have said to you, that does not constitute a statement of account, but a statement of account must show the items of account."

These instructions were severally excepted to by the plaintiffs. The plaintiffs asked the court to give the following instructions:

"1. And if the debtor fails for several posts, when the dealings are between parties living in the same state, to object to said statement, he is presumed to have assented thereto.

"2. What is a reasonable time in such cases where the facts are clear, is always a question exclusively for the court.

"3. It is alleged by plaintiffs that on the 10th day of February, 1888, they rendered and presented their account to the defendants showing the amount due them thereon, which was assented to by defendants as being correct, which allegation is denied by the answer of the defendants, and this is the only issue of fact to be tried and determined by the jury.

"4. If you find that plaintiffs rendered and delivered, either in person or by mail, a statement of their account to defendants, on or about the 10th day of February, 1888, and that defendants received the same and made no objections thereto until August 29, 1888, the account became a stated account, and you will find a verdict for the plaintiffs and against the defendants in the amount asked for in the complaint, less the sum of $58.64, which plaintiffs admit as having received on said account sued on.

"5. In this case it is admitted that on February 10, 1888,

the plaintiffs sent their statement to defendants, showing the balance claimed by them from defendants; and that defendants received it in due course of mail and within a very few days after it was written; that August 29, 1888, was the first time they objected thereto; that there is and was in the year 1888 daily mail connection between Jacksonville and Portland; and that there was in 1888 mail connection twice a week between Jacksonville and Applegate, distant therefrom about thirteen miles. The court therefore charges you, under the circumstances in this case, that the account rendered became a stated account; and under the pleadings in this case you must find for the plaintiffs and against the defendants in the amount claimed in the complaint, less the sum of $58.64, admitted to have been paid on said account."

The court refused to give any of these instructions, to which several rulings of the court the plaintiffs duly excepted.

*Cox, Teal & Minor,* and *P. P. Prim,* for Appellants.

The court erred in allowing not only the items going to make up the account sued on, but also items making up statements furnished from year to year before by appellants to respondents to be inquired into and the account virtually re-opened. "When the action is strictly on an account stated, to maintain such action the plaintiff must prove an account stated, as that and nothing else will support his allegations." (*Truman* v. *Owens,* 17 Or. 523; *Holmes* v. *Page,* 19 Or. 232; *Auzerais* v. *Naglee,* 74 Cal. 60.)

When the defendant elects to stand on a denial of the stating of the account, there is but the one issue to be tried, and he will not be permitted under a denial of that nature to re-open the account. If he wishes to claim any mistake, omission, accident, or fraud, the pleadings should set forth the items of the mistake or fraud, and distinctly allege that such items were omitted or fraudulent. (1 Story Eq. Jur. (11th ed.) § 527; *Terry* v. *Sickles,* 13 Cal. 427; *Young* v. *Hill,* 67 N. Y. 162, 23 Am. Rep. 99; *Kronenberger* v. *Binz,* 56 Mo. 121.)

The letters E. & O. E. on a statement of account do not make it any the less a stated account. (*Branger* v. *Chevalier*, 9 Cal. 353.) "An account stated is an account which has been rendered by the creditor and assented to by the debtor as correct, either expressly or by implication of law from the failure to object within a reasonable time. * * * Merely rendering same does not make it an account stated but an account rendered, and delivered to the debtor, exhibiting the demand of the creditor, unless objected to within a reasonable time, becomes an account stated." * * * Signature to the account or express admission is not necessary. (*Lockwood* v. *Thorne*, 11 N. Y. 170, 62 Am. Dec. 81; *Wiggins* v. *Burkham*, 10 Wall. 129; *Tolcott* v. *Chew*, 27 Fed. Rep. 273; *Powell* v. *Pac. R. R.* 65 Mo. 658.)

Party contesting account so rendered is the one to prove he made objections within a reasonable time. (*Ruffner* v. *Hewitt*, 7 W. Va. 585; *Coopwood* v. *Bolton*, 26 Miss. 212.)

The court erred in not giving instruction No. 4, asked by appellants: "What is a reasonable time in such cases where the facts are clear, is always a question exclusively for the court." (*Oil Co.* v. *Van Etten*, 107 U. S. 325.)

The court erred in refusing to give instruction No. 1: "And if the debtor fail for several posts, when the dealings are between parties living in the state, to object to such statement, he is presumed to have assented thereto." (*Phillips* v. *Belden*, 2 Edw. 1; *Freas* v. *Truitt*, 2 Col. 489.)

The court erred in giving instruction No. 11. A balance rendered by the creditor and acquiesced in by the debtor, where it is a balance resulting from former transactions, may become an account stated. It is not the items, but the defendants' consent to the balance found on which the suit is brought. The statement may commence with a previous balance. (*Tassey* v. *Church*, 4 W. & S. 141, 39 Am. Dec. 65; *Wiley* v. *Brigham*, 16 Hun, 106; *Dows* v. *Durfree*, 10 Barb. 213.)

*H. K. Hanna, J. R. Niel,* and *E. B. Watson,* for Respondents.

Every definition of an account involves the idea of a statement of the items. (1 Bouv. Law Dic. "Account"; 1 Rap.

Law Dic. "Account"; *Williams* v. *Glenny*, 16 N. Y. 390.) We maintain that the very statement presented as the basis of the settlement must show every item going to make up the total amount or balance claimed to be due.

In the absence of special contract to pay interest, the items of interest in the statements were illegal. Our statute allows interest on money becoming due "upon settlement of matured accounts from the day the balance is ascertained." (Hill's Code, § 3587.)

Only matured accounts are included, and it is the balance ascertained upon their settlement that bears interest. (*Catlin* v. *Knott*, 2 Or. 321.) Such has uniformly been the construction of similar provisions. (*Samis* v. *Clark*, 13 Ill. 544; *Illinois Cent. Ry. Co.* v. *Cobb*, 72 Ill. 148; *Close* v. *Fields*, 2 Tex. 232; *Dunne* v. *Mastick*, 50 Cal. 244.)

That this was a continuous and open account from its commencement on September 12, 1881, down to the rendition of the plaintiffs' last statement on July 21, 1888, is conclusively shown both by the statements themselves and the plaintiffs' letters in regard thereto, especially the last one of August 31, 1888. (*Young* v. *Hill*, 67 N. Y. 162, 23 Am. Rep. 99; *Elder* v. *Uchtmann*, 10 Ill. App. 488; *Kean* v. *Branden*, 12 La. Ann. 20.)

The omission of the party receiving a statement of account to notify his objections to the sender within a given time, ordinarily sufficient for the purpose, affords ground to infer his assent to the correctness of items shown therein, but not conclusively; therefore the receiver is at liberty to introduce evidence of any fact or circumstance reasonably tending to rebut such inference. (*Lockwood* v. *Thorne*, 11 N. Y. 170, 62 Am. Dec. 81; S. C. 18 N. Y. 285; *Stenton* v. *Jerome*, 54 N. Y. 480; *Volkening* v. *De Graaf*, 81 N. Y. 268; *Killam* v. *Preston*, 4 W. & S. 16; *Spangler* v. *Springer*, 22 Pa. St. 454; *Ware* v. *Manning*, 85 Ala. 238, 5 So. Rep. 682; *Bertrand* v. *Taylor*, 32 Ark. 470; *Wood* v. *Hickok*, 2 Wend. 501; *White* v. *Campbell*, 25 Mich. 463; *Cape Girardeau, etc., Ry. Co.* v. *Kimmel*, 58 Mo. 83; *Rice* v.

*Schloss,* Ala., May 6, 1890, 7 So. Rep. 802; *Wiggins* v. *Burk-ham,* 10 Wall. 129; *Guernsey* v. *Rexford,* 63 N. Y. 631.)

The authorities are numerous and decisive that such statements as were sent to defendants in this case, with balances carried over into succeeding statements, as here, do not ripen into stated accounts through silence of the parties receiving the same. (*Pickett* v. *Merchant's Nat. Bank,* 32 Ark. 346; *Raymond* v. *Williams,* 40 Ia. 117; *Bussey* v. *Gant,* 10 Humph. 238.)

STRAHAN, C. J.—1. We have lately considered what constituted a stated account in two cases, and a reference to them seems to be all that is necessary at this time. In *Holmes* v. *Page,* 19 Or. 232, we held that an account stated is an account which has been rendered by the creditor and has been assented to by the debtor as correct either expressly or by implication of law, from failure to object, and that the action was not founded upon the items of the account but on the defendant's consent to the balance stated. And *Truman* v. *Owens,* 17 Or. 523, is to the same effect. Under the issues in this case the only question to be tried was whether or not the account between the plaintiffs and defendants became a stated account. This question was concisely stated in appellants' fourth and fifth instructions refused by the court. If the plaintiffs delivered an account to the defendants either personally or by mail, it would become a stated account, if not objected to within a reasonable time; and in an action on such account, it cannot be opened only for fraud, error or mistake; and the answer in such action must set forth fully the fraud, error or mistake relied upon. (*Kronenberger* v. *Binz,* 56 Mo. 121; *Terry* v. *Sickles,* 13 Cal. 427; *Young* v. *Hill,* 67 N. Y. 162, 23 Am. Rep. 99.)

2. But it was suggested that an account rendered, which had at the bottom thereof the usual initials, "E. & O. E."— errors and omissions excepted—could not become a stated account; that is, it would remain open and unsettled, so that either party would be at liberty to contest any item thereof, though if these words had been omitted the account would

have become a stated account. But this does not seem to be the effect of those words. An account rendered containing them will become a stated account, if not objected to within a reasonable time, with like effect as if they had been omitted. (*Branger* v. *Chevalier*, 9 Cal. 353; *Young* v. *Hill*, *supra*.) By the tenth and eleventh instructions, the court charged that an account, before it can become a stated account, must contain the items. If by this was meant each item of merchandise or cash that constituted the debit and credit sides of the account, we think the court was in error. The evidence showed that accounts had been rendered from time to time by the plaintiffs. These were in accordance with the course of dealing between the parties, and though all accounts rendered after the first would begin with the balance claimed to be due on the former accounting, still that fact would not prevent their becoming stated accounts. (*Dows* v. *Durfree*, 10 Barb. 213.) Instruction four, given by the court, and those on the same subject requested by the plaintiffs and refused, may be considered together. They relate to what is a reasonable time within which a party must object after an account is delivered to him so as to prevent the same becoming a stated account, and whether that was a question of fact for the jury in this particular case or one of law for the court. Generally, what is a reasonable time when the facts are undisputed is a question of law for the courts. Of course, if it were in controversy at what time the account was rendered or at what time objections were made, these would be questions of fact for a jury; but in every case as soon as the date is fixed the question becomes one of law, whether or not such time was reasonable. (*Oil Co.* v. *Van Etten*, 107 U. S. 325; *Wiggins* v. *Burkham*, 10 Wall. 129; *Talcott* v. *Chew*, 27 Fed. Rep. 273; *Powell* v. *Railroad Co.* 65 Mo. 658; *Lockwood* v. *Thorne*, 11 N. Y. 170, 62 Am. Dec. 81.) The first instruction asked by the plaintiffs enunciated a correct principle of law, and it is difficult to understand upon what ground the court refused to give it. The earlier rule in the law, upon the subject of account

stated was that it was applicable to merchants only, (22 Cent. Law. Jour. 76); but this is not the rule at present. The needs of modern business have so enlarged it that it may be properly applied to all classes of business men. (*Shepard* v. *Bank of Missouri*, 15 Mo. 143; *White* v. *Campbell*, 25 Mich. 463.) But within any rule we are able to find in the books the instruction asked was right and should have been given. This transaction was between merchants. The account was rendered nearly six months before any objections were heard on the subject. The defendants made a remittance to be applied on account after its rendition without suggesting any objections to the account. Under these facts, the assent of the defendants to the account as rendered must be presumed, and it was the duty of the court to inform the jury that such was the law. (1 Story Eq. Jur. § 526; *Wiggins* v. *Burkham, supra; Phillips* v. *Belden*, 2 Edw. Ch. 1; *Freas* v. *Truitt*, 2 Col. 489.) Having reached the conclusion that the plaintiffs' theory of this case as presented by the bill of exceptions was correct, we are relieved from any further examination of the defendants' views as they are diametrically opposed to those of the plaintiffs.

The court erred in giving said instructions four, ten and eleven, and in failing to give those asked by the plaintiffs. Let the judgment be reversed and the cause remanded to the court below for a new trial.