FISH *v.* CRAWFORD MANUFACTURING CO.

1. CONTRACTS—SALE OF LUMBER—INSPECTION CHARGES—LOCAL CUSTOM—PLEADING.

Where the seller of lumber permitted plaintiff to make an inspection thereof under the direction of the purchaser, and afterwards paid him one-half of his charges, he may be held for the balance upon proof that by a local custom the seller was required to pay the entire inspection charges in the first instance, although the custom is not specially declared upon; it being merely a matter of evidence to establish the implied contract.

2. SAME—WEIGHT OF EVIDENCE—QUESTION FOR JURY.

There being some testimony to support a custom, its weight was for the jury.

Error to Menominee; Stone, J. Submitted October 21, 1898. Decided July 5, 1899.

*Assumpsit* by John Fish against the Crawford Manu-

facturing Company for work and labor. From a judgment for plaintiff, defendant brings error.   Affirmed.

*Sawyer & Waite*, for appellant.

*W. H. Phillips*, for appellee.

MONTGOMERY, J.   Plaintiff is a lumber inspector.   On the 26th of September, 1895, the defendant sold to one Adam Schillo, of Chicago, a quantity of lumber on dock at Menominee.   The agreement for sale was silent as to the inspection.   The plaintiff inspected the lumber by direction from Schillo, as he (Schillo) testified, after an agreement between the defendant and himself that plaintiff should tally the lumber.   The defendant's officers saw the plaintiff at work inspecting, and permitted him to go on, and finish the work, and afterwards paid him one-half of his charges.   The plaintiff claims that by a local custom the seller of lumber to Chicago or Milwaukee purchasers pays the entire of the inspection charges, at least in the first instance.   The circuit judge left it to the jury to find whether the custom claimed to exist in fact prevailed, instructing the jury that a custom, in order to be controlling, must be definite, precise, and unvarying.

It is contended that it was error to submit the question to the jury, for two reasons: *First*, that the custom was not declared upon; and, *second*, that the evidence did not show a custom.

We think it was not necessary to declare specially upon this custom.   It was, in this case, only a matter of evidence, adduced for the purpose of showing what the implied contract between the defendant and plaintiff was. If the custom was for the seller to pay the entire of the inspection charges, the defendant, when he saw this plaintiff making the inspection, might well be understood to have assented to his doing the work on such terms.

We think we cannot say that there was no testimony tending to support the claim of plaintiff that the custom exists.   This being so, its weight was for the jury.

No other questions call for discussion. The judgment is affirmed.

The other Justices concurred.