Decided 10 June, 1901.

## CRAWFORD v. HUTCHINSON.

[65 Pac. 84.]

Account Stated — Reasonable Time for Objection.

1. When a statement of a creditor's demand is presented to the debtor, it becomes a stated account unless objected to within a reasonable time ; what is reasonable is a question of law to be decided by the court, unless there is a dispute concerning the facts.

Stated Account — Effect of Omitting Other Transactions.

2. Where an account has been presented including all the items on a given subject or to a given date, it will become stated as to that subject or as to all the items to that date, unless seasonably objected to ; but this will not bind the debtor as to claims arising out of some independent transaction that has no connection with the items in the account rendered. And it is further true that all a given transaction must be in the account, for part of an affair cannot be stated, leaving the balance open.

Right of Judge to Direct a Verdict.

3. Where the testimony showing a right of action in plaintiff and against defendant is undisputed and no counterclaim or set-off is pleaded, the trial judge may properly instruct the jury to return a verdict for the plaintiff.

From Union: Robert Eakin, Judge.

This is an action by Thos. H. Crawford against Hutchinson Brothers upon an account stated. The facts are that some time prior to December 14, 1899, the plaintiff, a practicing attorney at Union, had been retained and employed in his professional capacity by the defendants, who reside in the same town. On the date mentioned he made out and forwarded to them by mail the following statement of his account:

"Union, Oregon, December 14, 1899.
"Hutchinson Bros., to T. H. Crawford.
To attorney fee foreclosure suit H. Bros. v. Shelton, Phy, et al..........................$ 500 00
To attorney fee H. Bros. v. Shelton...........    150 00

| | | |
|---|---|---|
| To attorney fee Albert H. v. H. Bros.......... | 100 | 00 |
| To attorney fees Donation Land Contest....... | 250 | 00 |
| To attorney fees Foster, Brown & Co. v. H. Bros. | 50 | 00 |
| To attorney fees Baker County v. J. H. H....... | 50 | 00 |
| To drawing lease for mill.................... | 2 | 50 |
| To drawing deed for light plant............... | 2 | 50 |
| To drawing contract with Phy............... | 2 | 50 |
| To attorney fees H. Bros v. Ellis............. | 50 | 00 |
| To attorney fees J. H. H. v. Shelton, foreclosure | 100 | 00 |
| To attorney fees Corbett v. J. H. H............ | 50 | 00 |
| To attorney fees H. Bros v. Cellier........... | 75 | 00 |
| To attorney fees Schneider v. J. H. H., both in circuit and supreme court.................. | 200 | 00 |
| To attorney fees H. Bros v. Gorham & Bro...... | 150 | 00 |
| Total .............................. | $1,731 | 50 |

*Contra.*

| | | |
|---|---|---|
| By J. F. Phy note.........................$ | 291 | 00 |
| By order on J. F. Phy...................... | 200 | 00 |
| By cash on land contest..................... | 20 | 00 |
| By amount realized on Cellier judgment........ | 650 | 00 |
| By amount realized on Schneider judgment..... | 100 | 00 |
| Total ................................ | $1,261 | 00 |
| Balance due.............................. | 470 | 50 |
| | $1,731 | 50 |

"Your account for hay furnished is not included in the above, as I have been unable to get statement of the amount. I desire to go below about next Monday, and would like very much if you can call and let us settle matters up before I go.

"Yours very truly,
"T. H. CRAWFORD."

Although the defendants received this statement a day or two after it was mailed, and frequently thereafter met the plaintiff, and had more or less conversation with him on business and other matters, and, in one or two instances at least, discussed the alleged balance due, and its payment,

they made no objection to the account, or any item thereof. This action was commenced on the twentieth day of September, 1900. The complaint is in the form usual in an action on an account stated. The answer, after denying the allegations of the complaint, affirmatively alleges that for some time prior to the fourteenth day of December, 1899, plaintiff and defendants had an open, mutual, and current account, and that there has never been any settlement or accounting between them. The trial court held that, owing to the failure of the defendants to object to the account as rendered by the plaintiff, it became an account stated, and directed a verdict for the plaintiff. From the judgment which followed, the defendants appeal.        AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Leroy Lomax.*

For respondent there was a brief and an oral argument by *Messrs. C. E. Cochran* and *F. S. Ivanhoe.*

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

1.   We have had occasion in several instances to consider the question of an account stated, and the doctrine of our decisions is that an account rendered and delivered to the debtor, exhibiting the creditor's demand, becomes an account stated, unless objected to within a reasonable time, and that what constitutes a reasonable time is a question of law for the court when the facts are admitted, or are clear and undisputed: *Truman* v. *Owens,* 17 Or. 523 (21 Pac. 665) ; *Holmes* v. *Page,* 19 Or. 232 (23 Pac. 961) ; *Fleischner* v. *Kubli,* 20 Or. 328 (25 Pac. 1086) ; *Howell* v. *Johnsson,* 38 Or. —— (64 Pac. 659). This rule was formerly applied to accounts between merchants only, but in most of the states of this country it has been extended to embrace

every kind of transaction in which the relation of debtor or creditor is involved: *Fleischner* v. *Kubli,* 20 Or. 328 (25 Pac. 1086) ; 22 Cent. Law J. 76 ; *Spellman* v. *Muehlfeld* (N. Y. App.), 59 N. E. 817. It is clear, therefore, that by reason of the silent acquiescence of the defendants the account rendered by the plaintiff to them became a stated account, which can be opened only for fraud, error, or mistake, unless the fact that it did not include the hay furnished by the defendants would prevent it from becoming such an account.

2.   It is insisted that an account stated exists properly only where the accounts on both sides have been examined, and the balance has been admitted as a true balance between the parties, or where a statement has been rendered, including all the mutual accounts between them within the knowledge of the creditor, and has not been objected to within a reasonable time. But the failure to include a counterclaim arising out of some independent transaction does not necessarily prevent an account rendered from becoming an account stated as to everything embodied therein, if no objection is made thereto within a reasonable time. Mr. Justice CLOPTON says that "If the account of the plaintiff alone be stated showing the amount due, an acknowledgment or admission of such account is sufficient to constitute it an account stated, though the defendant may have counterclaims which are not deducted" : *Ware* v. *Manning,* 86 Ala. 238 (5 South. 682). And in *Filer* v. *Peebles,* 8 N. H. 226, it was held that, where an account was stated by the parties, and an amount agreed upon as due plaintiff within certain dates, but the defendants claimed something on a prior account, there is a sufficient stating of account for the amount named, subject only to the right of the defendant to set off any prior claim not included therein. Again, in *White* v. *Whiting,* 8 Daly, 23, it was held that, where an account has been stated between two persons, embracing all the items of a particular transaction, but the debtor refuses to pay unless

the creditor executes a release embracing other transactions as to which there is some dispute, the account is so far conclusive against the debtor in an action to recover the balance as to cast upon him the burden of showing error or mistake therein. The rule upon this point seems to be that, where the correctness of the account presented is admitted, either expressly or by failure to object within a reasonable time, it will amount to an account stated as to everything included therein, although the person so acknowledging its accuracy may have an offset thereto arising out of some independent transaction. But, while one part of a transaction is left open for further adjustment or litigation, another part cannot become an account stated. The unconsidered demand or offset must be an independent matter, having no connection with or relation to the items which are resolved into a sum certain by the express or implied agreement of the parties: *Weigel* v. *Hartman Steel Co.,* 51 N. J. Law, 446 (20 Atl. 67). The memorandum in regard to the hay furnished had no reference to plaintiff's professional employment, and did not, therefore, in our opinion, prevent the statement rendered from becoming an account stated.

3. As no offset was pleaded, there was no error in directing a verdict for the plaintiff, and the judgment is affirmed.                    AFFIRMED.