Argued and submitted March 28, decided April 19, 1911.

## HARRISON v. BIRRELL.

[115 Pac. 141.]

PLEADING—QUALIFIED DENIAL.

1. In an action on an account stated, plaintiff alleged an agreement between himself and defendant, whereby defendant agreed that, on all insurance written by plaintiff in the S. Insurance Company for parties introduced by defendant, defendant was to receive a commission in consideration of which he was to pay the premium on all insurance so written, and that, in pursuance of such agreement, there was an account stated as to business transacted for two months, and that a stated amount was due and owing plaintiff. Defendant answered denying the allegations of the complaint "except as hereinafter expressly alleged," and followed such denial with an allegation that all insurance written by plaintiff in the S. Insurance Company at the request of defendant was written by plaintiff as president of a certain corporation for and on behalf of the insurance company, and that such insurance company was the real party in interest. *Held,* that the qualification of the denial was not improper.

PLEADING—ANSWER—STRIKING OUT ALLEGATIONS.

2. In an action in a State court, allegations in the answer relating to the filing of a libel in a Federal court should be stricken, where it appears that such libel has been dismissed for want of jurisdiction.

Abatement and Revival—Pleas in Abatement—Waiver.

3. Allegations in an answer that plaintiff was doing business for and on behalf of a foreign corporation, as its president, and that said corporation had not complied with the laws of the State by filing with the Secretary of State a declaration, and paying the fee therefor, and in order to evade the payment thereof, the action was begun in plaintiff's name, were in the nature of pleas in abatement and were waived by defendant's further allegations pleading to the merits.

Abatement and Revival—Joinder of Pleas—Plea in Abatement and in Bar.

4. A plea in abatement cannot be joined with a plea in bar, as under Section 6709, L. O. L., a plea in abatement must be disposed of before trial of the case upon its merits.

Pleading—Answer—Motion to Strike.

5. In an action on accounts stated, allegations in the answer that plaintiff was doing business in behalf of a foreign corporation, as its president, and that such corporation had not complied with the laws in paying the license fee, and brought the action in plaintiff's name to evade payment thereof, could not be attacked by motion to strike, as a motion to strike cannot perform the office of a demurrer.

Frauds—Statute of—Promise to Answer for Debt of Another—Original Undertaking.

6. An agreement between plaintiff and defendant that, on all insurance written by plaintiff in the S. Insurance Company for persons introduced by defendant, defendant was to receive a commission, and was to pay the premiums on all insurance so written, did not involve a promise by defendant to answer for the debt of another, where it appeared that the entire credit was given to him; his promise being an original undertaking, and hence not within the statute of frauds.

Parties—Real Party in Interest.

7. Where plaintiff, an insurance agent, agreed to write insurance for persons introduced by defendant, the insurance to be placed in a named insurance company, defendant to receive a commission and to pay the premiums, plaintiff, and not the insurance company, was the real party in interest in an action to recover premiums for insurance written under the agreement.

Insurance — Subrogation — Payment of Premiums by Insurance Agent.

8. When an insurance company looks to its agent for the premiums on insurance written by him, the agent is the owner of the debt arising by his extending credit for the premiums, so that on payment thereof he is subrogated to all rights of his principal in the premiums, entitling him to sue therefor, and no assignment thereof is necessary to enable him to recover; but, if an agent has no right by subrogation or assignment, he is not entitled to bring the action.

Customs and Usages—Pleading.

9. A general custom or usage need not be pleaded; but, where a local custom is relied on as entering into or forming a part of a contract, it must be pleaded, unless it is merely incidental to an implied contract, and relied upon only as evidence of some fact in issue.

CUSTOMS AND USAGES—EVIDENCE OF AS PROOF OF CONTRACT.

10. Where plaintiff, an insurance agent, alleged that defendant, an insurance broker, agreed to pay premiums on marine insurance written by plaintiff for persons introduced by defendant, and defendant denied such agreement, evidence of a custom, by which brokers securing marine insurance through agents of insurance companies undertook to pay the premium, was admissible on the issue of the existence of the contract.

CUSTOMS AND USAGES—GENERAL OR LOCAL CUSTOMS—EVIDENCE.

11. A custom, by which brokers securing marine insurance through insurance agents are liable to such agents for the premiums on the insurance so written, *held,* on the evidence, to be a general, as distinguished from a local, custom.

CUSTOMS AND USAGES—KNOWLEDGE OF CUSTOM—PRESUMPTION.

12. An insurance broker engaged in the business of securing marine insurance for his customers will be presumed to have knowledge of a general custom by which insurance brokers effecting insurance through the agents of insurance companies are liable for the amount of the premium.

INSURANCE—MARINE INSURANCE—BROKERS—PREMIUMS—CUSTOM.

13. A broker who procures insurance is not liable for a premium on a policy procured by him for another, unless he acts under a *del credere* commission, and this rule applies to marine insurance, unless abrogated by usage.

CUSTOMS AND USAGES—PLEADING—NECESSITY.

14. Where an action is based on an implied contract, general custom or usage may be offered in evidence to interpret and apply the acts proved and relied on, though such custom is not pleaded.

ACCOUNT STATED—WHAT CONSTITUTES—ACCOUNT RENDERED.

15. An account rendered and not objected to within reasonable time becomes an account stated.

ACCOUNT STATED—EXISTENCE OF COUNTERCLAIM.

16. If the account of the plaintiff only be stated, showing the amount due, an·acknowledgment or admission thereof is sufficient to constitute it as stated, although the defendant may have counterclaims which are admitted.

ACCOUNT STATED—EFFECT OF SUBSEQUENT TRANSACTION.

17. An account stated for the transactions of one month is not affected by the fact that the transactions for a subsequent month are not brought into it.

TRIAL—NONSUIT—PRESUMPTION.

18. On a motion for nonsuit every intendment and every fair and legitimate inference which can arise from the evidence must be made in favor of plaintiff.

APPEAL AND ERROR—REVIEW—QUESTIONS OF FACT—CONSTITUTIONAL PROVISIONS.

19. Section 3, Article VII, of Constitution of Oregon, as amended, authorizing the Supreme Court to make findings from the record which should have been made, and authorizing either party to attach to the bill of exceptions the whole testimony, does not apply to cases appealed prior to its adoption, November 8, 1910.

From Multnomah: JOHN B. CLELAND, Judge.

Statement by MR. JUSTICE BEAN.

Ths is an action by M. C. Harrison against A. H. Birrell upon two accounts stated for premiums on marine insurance, written by plaintiff at the instance and request of defendant.

Plaintiff alleges in effect that on September 15, 1906, he entered into a contract with defendant, whereby it was agreed that on all premiums for insurance written by him in the St. Paul Fire & Marine Insurance Company, at the instance and request of defendant, and for parties introduced by defendant to him, defendant was to receive a commission of 10 per cent, in consideration of which defendant agreed to pay the premiums on all marine insurance so written. Thereupon an account was opened by plaintiff, and on June 29, 1907, rendered to defendant with reference to insurance written during that month, when it was agreed there was due plaintiff $531.52, of which on July 31, 1907, defendant paid $289.35, and the account became stated. The second cause of action is based upon an account stated on or about July 31, 1907, for marine insurance written during that month, amounting to $370.35, no part of which has been paid.

Defendant, by his separate answers, denies the allegations of the complaint, "except as hereinafter expressly alleged," and for further and separate answer avers in substance that plaintiff is not, but that the St. Paul Fire & Marine Insurance Company, a corporation, is, the real party in interest. For a second further and separate answer to the first cause of action defendant alleges that plaintiff, at the times mentioned in the complaint, was doing business at Portland, Oregon, for and in behalf of M. C. Harrison & Co., a foreign corporation, as its president, and that said corporation has not complied

with the laws of the State of Oregon by filing with the Secretary of State a declaration, has not paid the filing fee nor any annual license fee for the year 1907, as required by law, and that in order to evade the payment of these fees this action was begun in the name of M. C. Harrison.

Plaintiff interposed a motion to strike the second affirmative answers and certain paragraphs of the first affirmative answers as frivolous, irrelevant, and redundant. This being denied, plaintiff replied, denying the material allegations thereof.

Upon trial of the cause by the court without a jury, plaintiff introduced evidence, tending to show that he, doing business under the name of M. C. Harrison & Co., is the general agent in Portland, Seattle, and San Francisco for the St. Paul Fire & Marine Insurance Co.; that in the year 1906 an arrangement was entered into for the interchange of insurance business between him and defendant, Birrell, an insurance broker doing business in Portland, in which he agreed to pay commissions on all marine insurance premiums which defendant should bring into his office; that thereafter defendant ordered different policies of marine insurance to be written by him in the St. Paul Fire & Marine Insurance Company, and an account was opened by him, in which defendant was charged with the premiums and credited with the commissions thereon. All the transactions were entered in defendant's books also, in an account entitled "Miscellaneous Insurance Accounts," which showed that he in no instance paid plaintiff for premiums until after he collected same from the insured. The following statement, sent by Harrison, the plaintiff, to Birrell, the defendant, was by the latter honored and paid:

Portland, Ore., Sept. 15, 1906.

A. H. Birrell,
   a/c L. B. French,
     To M. C. Harrison & Co.,
      Marine Insurance Brokers and Average
      Adjusters,
      Pol. 2527, S. "Azbec," 9/25.

To   Marine   Insurance   on   One   Crate   Pictures   to
   L. A., $1,000 at ½%........................................$5.00
     Bkge., 10% ........................................ .50

                                 $4.50

Paid, Sept. 17, 1906.
     M. C. Harrison & Co., per J. W. M.

Afterward, at the instance and request of defendant, other insurance was written, and on and between October 31, 1906, and July 31, 1907, several monthly statements were rendered, four being in the name of the St. Paul Fire & Marine Insurance Company, with the words "M. C. Harrison & Co., General Agents," stamped on the face thereof, all of which were honored by defendant, except that of June 29, 1907, for $531.52, upon which payment of $289.35 was made, and the statement of July 31, 1907, for $370.35, no part of which was paid. The total amount of the different payments to plaintiff was $1,052.23. All the business was sent in by defendant, at whose request it had been written, except in one or two instances, when it had been written for one of his clients and reported to him. To no item in these accounts was objection made until some time between the 25th and 30th of November, 1907, at which time defendant objected to the July statement; but in no way did he question the June statement until January of the following year.

Plaintiff also produced evidence, showing it to be a general custom in marine insurance business on the Pacific Coast, and particularly in Portland, for the underwriter of such insurance to look to the broker bringing the business into the office, for the payment of premiums

on business so introduced. This custom was well understood, and under such custom, in case the business was introduced by a broker, it would be regarded as discourteous for the underwriter to interview the owner of the cargo or ship upon which the insurance was written, except with the consent of the broker. The St. Paul Fire & Marine Insurance Company looked to its agents for payment of premiums, and the agents were obligated to make such payments, whether or not the premiums were collected. The premiums earned on business noted in the statements rendered to defendant were, in fact, all paid by plaintiff to the St. Paul Fire & Marine Insurance Company, which company, by reason thereof, asserts no claim against the defendant.

At the conclusion of plaintiff's evidence defendant moved to strike out all the testimony on the subject of custom, and for judgment of nonsuit, which motions were allowed by the court, and exceptions taken by plaintiff.

From a judgment in favor of defendant for costs, plaintiff appeals.                    REVERSED.

For appellant there was a brief over the names of *Messrs. Snow & McCamant,* with an oral argument by *Mr. Wallace McCamant.*

For respondent there was a brief over the names of *Messrs. Flegel & Reynolds* and *Mr. Charles H. Carey,* with an oral argument by *Mr. Austin F. Flegel.*

MR. JUSTICE BEAN delivered the opinion of the court.

From an examination of the answer it appears defendant denies the allegations of the complaint, "except as hereinafter expressly alleged," thereafter alleging, as to each cause of action, that all insurance written by plaintiff in the St. Paul Fire & Marine Insurance Company for defendant, or at his instance and request, during June and July, 1907, was written by plaintiff as presi-

dent of M. C. Harrison & Co., for and in behalf of said insurance company, and all promises or obligations, if any, to pay premiums, and all dealings, were with the St. Paul Fire & Marine Insurance Company. The transactions set forth in the complaint, as to defendant's part therein, are not denied, but are claimed to have been had with another, and not with the plaintiff.

1. For the purpose of qualifying the denials and explaining the transactions, we think it proper for defendant to set forth in his answer the dealings as he claims they were, and that the motion to strike the first three paragraphs of each of the first further and separate answers was properly denied.

2. As to the paragraphs of the answers relating to the filing of a libel in the Federal court, this action appears to have been dismissed for want of jurisdiction, and cannot possibly have any effect upon this case. The motion to strike, as to these paragraphs, should therefore have been allowed.

3. The second further and separate answers to each of the two causes of action are in the nature of pleas in abatement, and were waived by defendant pleading to the merits. *Rafferty* v. *Davis,* 54 Or. 77 (102 Pac. 305).

4. A plea in abatement cannot be joined with a plea in bar, and must be disposed of before an answer to the merits can be considered. *La Grande* v. *Portland Public Market,* 58 Or. 126 (113 Pac. 25), and cases there cited. Under the provisions of Section 6709, L. O. L., such pleas should be disposed of before trial of the case upon its merits.

5. The motion to strike was directed at the whole of the further and separate answers. We do not think that the sufficiency of these defenses should be tested by such a motion, or that it should perform the office of a demurrer. *The Victorian,* 24 Or. 121 (32 Pac. 1040:

41 Am. St. Rep. 838). The denial of the motion as to these parts of the answer was not error. Proper objection upon the trial would be the only opportunity remaining for plaintiff to take advantage of the defects in these separate answers.

6. It is contended by defendant that the alleged contract was to pay the debts of others, that is, those insured, and therefore within the statute of frauds. There is, we think, some evidence that the entire credit was given to defendant, and that his promise was an original undertaking, and not within the statute, even though the transaction inured to the benefit of others. *Mackey* v. *Smith,* 21 Or. 598, 603 (28 Pac. 974) ; *Peterson* v. *Creason,* 47 Or. 69, 71 (81 Pac. 574) ; *Chapin* v. *Lapham,* 20 Pick. (Mass.) 467; *Chase* v. *Day,* 17 Johns. (N. Y.) 113; 29 Am. & Eng. Enc. Law (2 ed.) 920; 20 Cyc. 180.

7. The contention is also made that plaintiff is not the real party in interest. The evidence tends to show that plaintiff was responsible to the St. Paul Fire & Marine Insurance Company for the premiums, that he had paid the same to such company, and that he was the real party in interest.

8. When an insurance company looks to its general agent for the premiums on insurance written by him, the agent is the owner of the debt, arising by his extending credit for the premiums, so that on payment thereof he is subrogated to all the rights of his principal in the premiums, entitling him to sue therefor: *Waters* v. *Wandless* (Tex. Civ. App.) 35 S. W. 184; *Bang* v. *Farmville, I. & B. Co.,* 2 Fed. Cas. 585; *Willey* v. *Fidelity & Cas. Co.,* (C. C.) 77 Fed. 961; *Gaysville Mfg. Co.* v. *Phoenix Mut. Fire Ins. Co.,* 67 N. H. 457 (36 Atl. 367). See, also, *Overholt* v. *Dietz,* 43 Or. 194, 199 (72 Pac. 695). No assignment of the premiums is necessary to enable the agent to recover. *Gillett* v. *Insurance Co. of North America,* 39 Ill. App.

284. But, if an agent has no right by subrogation or assignment, he is not entitled to bring an action. 2 Cooley's Briefs on Ins. 916.

As we understand the record, the court allowed the motion to strike out all evidence relating to the custom of the underwriter to look to the broker bringing business into the office, for the payment of premiums on business so introduced, for the reason that the plaintiff had not pleaded such custom.

9. A general custom or usage need not be pleaded. 12 Cyc. § 1097. Where a local custom is relied upon as entering into, or forming a part of, a contract, it must be pleaded. A local custom which is merely incidental to an implied contract, and relied upon only as evidence of some fact in issue, need not be pleaded: *Sherwood* v. *Home Sav. Bank,* 131 Iowa 528 (109 N. W. 9).

10. It may be helpful to inquire whether the custom referred to is a general or a local one, within the meaning of the rule. The witnesses testifying were experts on the subject of Pacific Coast marine insurance, and, when they stated that the custom was general and well understood, they without doubt referred to the Pacific Coast. If defendant's answer should be treated as a denial of the contract, we think, in order that the transaction be fully understood, and to explain what was said and done, that it was competent for plaintiff to prove such a custom. Insurance agents and brokers in their negotiations use words fraught with much meaning, which would have but little sense to one unacquainted with the business.

11. Taking the statement of these witnesses, therefore, as correct, it would seem that the custom was general in so far as it in any way affected the dealings between plaintiff and defendant.

12. As a matter of fact it might be presumed that defendant, doing a brokerage business in the marine

insurance line, had knowledge of such custom, if one pre-
vailed: *Whitehouse* v. *Moore,* 13 Abb. Prac. (N. Y.)
142. Mr. Justice LORD, in *Sawtelle* v. *Drew,* 122 Mass.
229, says:

"A custom, within the meaning of the law, if general,
is incorporated into and becomes a part of every contract
to which it is applicable; if local, of every contract made
by parties having knowledge of or bound to know its
existence."

In our opinion this evidence is admissible to prove the
circumstance of the alleged contract, and to explain what
was expressed in a general way perhaps, in order to deter-
mine the understanding between the parties at the time
of making the arrangement, upon what, if anything, their
minds met, or what their agreement was: *McCulsky* v.
*Klosterman,* 20 Or. 108 (25 Pac. 366: 10 L. R. A. 785) ;
*Holmes* v. *Whitaker,* 23 Or. 319, 323 (31 Pac. 705).

In *Hewitt* v. *Week Lumber Co.,* 77 Wis. 548 (46 N. W.
822), where the jury found it was, and had been for
many years, a general custom in the sawmills on the Wis-
consin River for the manufacturer to keep the slabs from
manufactured logs, it was held that the custom was a
general one, within the meaning of the law, and therefore
could be proved without an allegation thereof. "The
proof of such custom is always admitted without plead-
ing it." And in *Fish* v. *Crawford Mfg. Co.,* 120 Mich.
500 (79 N. W. 793) :

"The plaintiff claims that by a local custom the seller
of lumber to Chicago or Milwaukee purchasers pays the
entire of the inspection charges, at least in the first
instance. The circuit judge left it to the jury to find
whether the custom claimed to exist in fact prevailed,
instructing the jury that a custom, in order to be con-
trolling, must be definite, precise, and unvarying. It is
contended that it was error to submit the question to the
jury, for two reasons: First, that the custom was not
declared upon; and, second, that the evidence did not show

a custom. We think it was not necessary to declare specially upon this custom. It was in this case only a matter of evidence, adduced for the purpose of showing what the implied contract between the defendant and plaintiff was."

13. In Great Britain, by universal custom, the broker is liable to the underwriter for the premium on marine insurance. 19 Am. & Eng. Enc. Law (2 ed.) 979.

"A broker who procures insurance is a mere 'go-between,' and is not liable for a premium on a policy procured by him for another, unless he acts under a *del credere* commission, and this rule applies to marine insurance, unless abrogated by a usage, such as prevails in England. * *" 2 Cooley's Briefs on Ins. 917, citing *Mannheim Ins. Co.* v. *Hollander* (D. C.) 112 Fed. 549.

14. Where an action is based on an implied contract general custom or usage may be offered in evidence to interpret and apply the acts proved and relied on. Such matter is evidentiary, and need not be pleaded: *Lowe* v. *Lehman*, 15 Ohio St. 179; *Fish* v. *Crawford,* 120 Mich. 500 (79 N. W. 793) ; *Whitehouse* v. *Moore,* 13 Abb. Prac. (N. Y.) 142; *Hewitt* v. *Week Lumber Co.,* 77 Wis. 548 (46 N. W. 822).

15. An account rendered and not objected to within reasonable time becomes an account stated: *Fleischner, Mayer & Co.* v. *K. Kubli,* 20 Or. 328 (25 Pac. 1086) ; *Crawford* v. *Hutchinson,* 38 Or. 578 (65 Pac. 84). Plaintiff concedes the incumbency upon him to show the pre-existing relation of debtor and creditor between him and defendant, in order to form a basis for an account stated.

16. It is claimed by defendant that these accounts were original bills only; they could not become stated for the reason that the account of July contained no items included in the June statement. A similar question arose in the case of *Crawford* v. *Hutchinson,* 38 Or. 578 (65 Pac. 84), where it was insisted that an account stated could properly exist only where the accounts on both sides

had been examined and the balance admitted as a true balance between the parties, or where a statement, including all the mutual accounts within the knowledge of the creditor, had been rendered and not objected to within a reasonable time. In the case referred to Mr. Chief Justice BEAN, at page 581 of 38 Or., at page 85 of 65 Pac., says:

"But the failure to include a counterclaim arising out of some independent transaction does not necessarily prevent an account rendered from becoming an account stated as to everything embodied therein, if no objection is made thereto within a reasonable time."

If the account of the plaintiff only be stated, showing the amount due, an acknowledgment or admission thereof is sufficient to constitute it as stated, although the defendant may have counterclaims which are admitted: *Ware* v. *Manning*, 86 Ala. 238 (5 South. 682). And in *Filer* v. *Peebles*, 8 N. H. 226, it was held that where an account was stated by the parties, and an amount agreed upon as due plaintiff within certain dates, but the defendants claimed something on a prior account, there is a sufficient stating of account for the amount named, subject only to the right of the defendant to set off any prior claim not included therein. See, also, *Normandin* v. *Gratton*, 12 Or. 505 (8 Pac. 653), and *Nodine* v. *Bank*, 41 Or. 386 (68 Pac. 1109).

17. Upon principle, if it be admitted or found that the account for the June premiums became stated or settled, it would be unnecessary for the parties in settling the July account to make another settlement of the June account.

18. On a motion for nonsuit every intendment and every fair and legitimate inference which can arise from the evidence must be made in favor of plaintiff: *Herbert* v. *Dufur*, 23 Or. 462, 464 (32 Pac. 302); *Wallace* v. *Suburban Ry. Co.*, 26 Or. 174 (37 Pac. 477: 25 L. R. A. 663); *Putnam* v. *Stalker*, 50 Or. 210 (91 Pac. 363).

19. It is not our purpose to decide any question of fact in this case. Much of the argument of counsel for defendant is upon the force and effect of the evidence. It has been held by this court that the amendment to Section 3, Article VII, of the constitution, does not apply to cases appealed prior to its adoption, November 8, 1910: *Darling* v. *Miles,* 57 Or. 593 (112 Pac. 1084).

We think it was error for the court to grant the motion for a nonsuit.

The judgment of the lower court is therefore reversed, and the cause remanded for a new trial.     REVERSED.