**HINES, Agent, v. TALBERT.** (No. 633.)

(Court of Civil Appeals of Texas. Beaumont. March 10, 1921.)

1. **Carriers** ☞408(3)—**Proof of custom as to delivery of trunk admissible without. allegation.**

In an action for loss of a trunk, proof of custom or usage, as to the delivery of trunks, that it was customary to put them outside on the platform, was admissible as an evidentiary fact showing delivery, even in absence of allegation in the petition as to such custom.

2. **Carriers** ☞408(4)—**Testimony insufficient to sustain finding as to value of contents of lost trunk.**

Testimony of plaintiff, suing for loss of a trunk, which was very indefinite, being only to the value of the articles lost, without giving their number, she giving only a sufficient number of articles of the values presented by her to amount to $100, was insufficient to sustain finding in her favor for $202 as the value of its contents.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by Mary Talbert against Walker D. Hines, Agent. From judgment for plaintiff, defendant appeals. Affirmed on condition of remittitur.

F. J. & C. T. Duff, of Beaumont, for appellant.

Sam C. Lipscomb, of Beaumont, for appellee.

WALKER, J. Appellee alleged that she delivered her trunk and contents to the Texas & New Orleans Railway Company, and that it was lost through the negligence of the defendant. The jury found in her favor and fixed the value of the trunk at $5 and of its contents at $202.

Appellant's second assignment of error is as follows:

"That the court erred, as is shown by bill of exceptions No. 1 to No. ——, in permitting the witness Henry Adams, Thomas H. Allen, and W. E. Adams, to testify, over the objections of this defendant, in delivering trunks to this defendant by placing same on a dirt platform outside the defendant's baggage room, plaintiff not having alleged in his petition any such custom, the admission of said testimony was erroneous.

"The plaintiff having failed by competent testimony to establish that the trunk in question was ever delivered to the defendant, Walker D. Hines, Agent, or Walker D. Hines, Director General of Railroads, the defendant objects to any being submitted to the jury for their consideration.

"Defendant objects to so much of the court's charge as instructs the jury that delivery may be shown by habitual practice and usage, because there is no pleading justifying the submission to the jury the question of . practice and usage."

Appellee did not plead any custom. On this issue the witness H. Adams testified:

"The custom among transfer men in delivering baggage to the railroad was to place it on the platform outside the depot."

Frank Thomas testified:

"I delivered this trunk as I deliver other trunks to the Texas & New Orleans station. During the time I worked for Allen he told me to always put the trunks on the depot platform."

Allen testified:

"During that time I delivered trunks to the Southern Pacific depot I put them on the outside on the platform; that was our instructions; we delivered them that way because it was customary."

Under the foregoing assignment of error, sustained by the statement just made, appellant advances this proposition:

"In the absence of an allegation in plaintiff's petition in support of same, proof of custom or usage is improper."

[1] As applied to the facts in this case, this proposition does not state a correct principle of law. The custom shown was not a part of the contract, but was only an evidentiary fact showing delivery.

The rule is thus stated in 17 C. J. 518:

"Where a custom or usage is incidental merely and is relied on only as evidence of some other fact in issue, it need not be pleaded." Fish v. Crawford Mfg. Co., 120 Mich. 500, 79 N. W. 793; Harrison v. Birrell, 58 Or. 410, 115 Pac. 141; Sherwood v. Homer Saving Bank, 131 Iowa, 528, 109 N. W. 9; Arkadelphia Lbr. Co. v. Asman, 85 Ark. 568, 107 S. W. 1171; Kinney v. Street Railway Co., 261 Mo. 97, 169 S. W. 23.

[2] Appellant also complains of the judgment on the ground that the testimony does not sustain a finding of $202 as the value of the contents of the trunk. This assignment must be sustained. Appellee was very indefinite in her testimony. She testified as to the value of the articles lost, but did not give the number of the articles. She does give a sufficient number of articles, on the value placed by her, to amount to about $100.

For the error discussed, this cause is reversed and remanded, but if appellee will enter a remittitur within 15 days from the entry of this judgment, reducing her recovery to $5 for the value of the trunk and $100 for its contents, we will set aside the order reversing this case, and affirm the judgment.