BENTON COUNTY BANK, Appellee, v. W. R. WALKER, Appellant.

Promissory Notes: CONSIDERATION: EVIDENCE: COSTS.

*Appeal from Benton District Court.*—HON. L. G. KINNE, Judge.

WEDNESDAY, FEBRUARY 10, 1892.

ACTIONS in equity to recover amounts alleged to be due on four promissory notes and for the foreclosure of certain mortgages. The actions were consolidated, and, after a hearing on the merits, a decree was entered in favor of the plaintiff. ·The defendant, W. F. Walker, appeals. —*Affirmed.*

*G. W. Burnham* and *F. C. Hormel,* for appellant.

*J. D. Nichols* and *C. I. Vail,* for appellee.

ROBINSON, C. J.—Of the notes in suit, one is for seven hundred dollars, given on the fifteenth day of February, 1887; one is for one thousand, six hundred and seventy-four dollars and twenty-two cents, given on the thirtieth day of August, 1888; one is for two thousand dollars, given on the twenty-ninth day of October, 1888; and the fourth one is for four hundred and seventy-five dollars, given on the eighteenth day of April, 1889. All of these notes were made by the defendant, W. F. Walker, to the plaintiff. The first and third of the notes, in the order described, were secured by a mortgage on land; the second was secured by a chattel mortgage; and the fourth appears to have been unsecured;

the plaintiff demands judgment for the amount of the notes, after deducting a payment of one hundred and eighty-eight dollars and fifty-two cents, made on the first note in December, 1889; the appellant admits the making of the notes, but claims that all but the first one were given without consideration, in the belief that he owed to the plaintiff the sums which they represent; whereas, the truth is alleged to be that he owed the plaintiff nothing when the last three notes were given, but that, on the contrary, the plaintiff was largely indebted to him.

I. It appears that for a period of time commencing in August, 1886, and ending in 1889, the appellant was engaged in buying and selling livestock, and that the banking part of the business was transacted with the plaintiff. The appellant resided at Watkins, and the plaintiff was doing business at Blairstown. It sometimes happened that Walker needed more money than he had on deposit, and at such times, in order to avoid overdrafts, it was the custom to make a note for the amount needed. If Walker was present he attached his own signature to the note; but if the money was sent to him by a messenger or by express, what is termed a "memorandum note" was drawn by an officer of the bank to which Walker's name was attached as done by the person who wrote it. No credit was given to Walker for these notes nor was he charged with the money paid on them; but, when he had a balance to his credit sufficient for the purpose the notes were charged to him. He alleges in his answers that he has been charged with ten notes, aggregating five thousand, one hundred and fifty-five dollars and fifty cents, and claimed to be of that character, for which he never received any money or other consideration; but, as we understand his argument, he now claims only that there were six of such notes, amounting to two thousand, eight hundred and two dollars, for which he has never had a consideration. He claims that he kept no account of his transactions with the plaintiff, and that he relied upon the accounts kept by the latter, and supposed them to be correct when he gave the notes in suit. The officers of the bank testify that its books are correct. While there is some conflict in the evidence, the preponderance shows the following facts: The note for one thousand, six hundred and seventy-four dollars and seventy-two cents, dated August 30, 1888, was given to settle a balance then supposed to be due to the plaintiff from Walker. Before that time the plaintiff had sent to Walker statements of account in the nature of transcripts from its ledger, accompanied by the notes he now questions, which were marked "Paid," showing that he had been charged with them. He made no objections to the statements and notes, although they showed clearly with what he was charged. The appellant claims that he was not familiar with book-keeping, and did not understand the statements; but we are satisfied that a reasonable amount of care would have apprised him fully of the state of his account. He knew when he received the notes whether he had received the money which they represented, and, if there was any error, he should have made it known when he received the statements.

The officers of the plaintiff do not remember all the persons to whom the proceeds of the notes were paid, and it is insisted that the burden is

on the bank to show that the money for which the notes were given was paid to him, or to his duly-authorized agent. That might have been true had he questioned the statements when received, and then demanded the information he now insists that the plaintiff must give, but that rule should not apply to the facts of this case. It is not practicable for the officer of a bank to remember each detail of an extensive business during a series of years. When Walker received the statements of account and accompanying vouchers, and not only retained them without objection, but gave his note in settlement of the balance which they showed to be due, the presumption arose that the accounts were correct, and the burden is on him to show clearly that they were not. That presumption is not overcome by his inability to remember that he received all the money represented by the notes, and the failure of the plaintiff to show the person to whom each payment was made. The books of the banks are shown to be substantially correct. The records of cash payments show that a due amount of money was paid to or for Walker when each of the notes in question was given. It would be of no benefit to any one to set out the evidence at length, even if it were practicable to do so. It is sufficient to say that the appellant has wholly failed to overcome the presumptions which must be indulged in favor of the settlement which the parties made. Aside from any question of settlement, the preponderance of the evidence supports the claim of the plaintiff.

II. The appellant has filed a motion asking that the cost of the additional abstracts filed by the appellee be taxed to it. Some of the matter contained in these abstracts was material to a full understanding of the case. They may have been unnecessarily full, but the amount of costs which could be taxed to the appellee on that account would be little more than nominal, and the motion will, therefore, be overruled. The judgment of the district court is AFFIRMED.

KINNE, J., took no part in the decision of this cause.