## NODINE *v.* FIRST NATIONAL BANK.

[68 Pac. 1109.]

WHEN ACCOUNTS BECOME STATED—QUESTION FOR THE JUDGE.

1. An account rendered and delivered to the debtor, which exhibits the creditor's demand, becomes an account stated, as between them, unless objected to within a reasonable time ; and where the facts are undisputed, the question of what is a reasonable time is for the court.

EXTENT OF APPLICABILITY OF SUCH RULE—BANKS.

2. The rule as to what constitutes a stated account has now become applicable to almost all classes of debtor and creditor transactions.

BANKS AND DEPOSITORS—ACCOUNTS STATED.

3. The relation between a bank and its depositors is that of debtor and creditor, and the same rules apply regarding the rendering and stating of accounts as between merchants.

EVIDENCE OF STATING AN ACCOUNT.

4. The first time plaintiff's pass book was written up after he opened an account with defendant bank he objected that he had not been credited with certain items. The bank denied that he was entitled to such credits, or any credits not on the book. He continued to deposit with and draw checks on the bank for ten years thereafter. From month to month the bank wrote up and delivered to him the pass book showing the condition of the account, and no objection thereto was made except to the first statement. When their business ceased, the book was written up, showing a small balance to plaintiff's credit, and this statement was not objected to for about six years. *Held,* that plaintiff's receipt and retention of such statements of the account without objecting thereto within a reasonable time constituted an account stated.

PLEADING A STATED ACCOUNT—AIDER BY VERDICT.

5. Where, in an action against a bank, the answer alleged that from time to time defendant rendered to plaintiff itemized statements of the account, and that he made no objection thereto, but acquiesced therein, and to each and every item thereof, and states the balance shown by such statements, such allegations are sufficient, after verdict, as allegations of an account stated.

From Union: W. R. ELLIS, Judge.

This is an action by Fred Nodine against the First National Bank of Union to recover an alleged balance due plaintiff from the defendant bank. The complaint avers, in substance, that

the defendant corporation was organized in May, 1883; that prior thereto plaintiff had on deposit with the Bank of Union the sum of $27,000, which was transferred by that bank to the defendant corporation at the time of its organization; that from time to time thereafter, and until September 5, 1899, plaintiff deposited money with the defendant, amounting in the aggregate to the sum of $125,000; that on the latter date there was in the hands of the defendant of the moneys so desposited by the plaintiff and due to him a balance of $17,213.78, for which he drew his check, but defendant refused to pay the same, or any part thereof, except the sum of $4.82, which sum defendant acknowledges is due plaintiff.

The answer denies the material allegations of the complaint, and sets up as a defense: (1) That on July 9, 1883, the plaintiff opened an account with the defendant bank, and from that time to the 1st day of September, 1894, deposited with it from time to time, subject to call and check, in the aggregate, about the sum of $165,703.50, and during such time issued his checks to various and sundry persons on the defendant bank and against such deposits, which checks were presented to and paid by the bank, in the aggregate amounting to the sum of $165,698.68, leaving a balance due the plaintiff of $4.82; (2) that from time to time defendant rendered to plaintiff itemized statements of account, showing the true balances, and that plaintiff made no objection thereto, but acquiesced therein, and to each and every item thereof, by reason of which the plaintiff and defendant from time to time had an accounting and settlement between them of all matters of account set out in the plaintiff's complaint, and that upon such accounting and settlement there was found stated, settled, and agreed upon as due and owing from defendant to plaintiff a balance of $4.82, and no more, on the 1st day of September, 1894; (3) that all of the deposits of money made by plaintiff with defendant, and all of the matters and things set out in the complaint, including the deposits, and amounts drawn therefrom, occurred between July 9, 1883, and September 1, 1894, at which latter date the account was closed, and therefore the

alleged cause of action did not accrue within six years immediately preceeding the commencement of the action.

The reply puts in issue some of the affirmative allegations of the answer, but admits the rendition by defendant to plaintiff of statements of account from time to time, and alleges that in July, 1883, at the time the first statement of account was rendered, the plaintiff objected thereto for the reason that he was not credited therein with large sums of money he had deposited with the defendant, and then and there demanded that defendant make such credits, which it neglected and refused to do; that plaintiff thereafter repeatedly asked defendant for credit for such sums, without avail, and that plaintiff had never acquiesced in the statements furnished him by the defendant, nor assented to the same, nor agreed to the balance, or to any balance; that the items for which he claims such credit make up and constitute the sum for which he asks judgment in this action. Upon the issues thus joined a trial was had before a jury, resulting in a judgment and verdict in favor of the plaintiff for the sum of $8,091.90, from which the defendant appeals.                                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Thos. H. Crawford,* and *Mr. C. E. Cochran.*

For respondent there was a brief over the names of *Baker & Baker,* and *J. D. Slater,* with an oral argument by *Mr. J. F. Baker,* and *Mr. Slater.*

MR. CHIEF JUSTICE BEAN, after stating the facts, delivered the opinion of the court.

The record contains numerous assignments of error, but we do not deem it necessary to notice them in detail. The amount plaintiff seeks to recover in this action, as shown by the pleadings and testimony, consists of money alleged to have been deposited with defendant to his credit by third persons prior to September, 1883, for which, as he contends, he never received the proper credit. The evidence shows that from 1883 to 1893

he continued to do business with the bank, his deposits during that time amounting to more than $165,000. Beginning with September 29, 1883, the bank rendered to him at frequent intervals, and generally from month to month, itemized statements of his account, showing in detail the balance carried over from previous statements, together with all credits and debits. The last one of these statements was rendered on September 1, 1894, more than six years before the commencement of this action, and showed a balance due plaintiff at that time of $4.82. No objection was ever made by him to these accounts, or any of them, except, as he testifies, that when the first one was rendered in September, 1883, he insisted that the bank had failed to give him credit for certain moneys paid to it on his account; but the officers of the bank contended that he was mistaken, and that all proper credits had been given, and refused to make any change in the account. From this time on for the succeeding ten years the plaintiff continued to do business with the bank, and it continued to render him monthly or bimonthly statements of his account, which were received and retained by him without objection. On this state of facts the defendant requested the court to charge the jury, in substance, that the accounts so rendered, and especially the one of September, 1894, constituted an account stated, and a bar to the action. This instruction was refused, but the court advised the jury if they found from the evidence that plaintiff failed to make any objections to the statements for an unreasonable length of time after they were delivered to him, they would become stated accounts, if they further found that such statements were made six years or more prior to the commencement of the action.

1. This court has had occasion in many instances to consider the question of an account stated, and it must now be regarded as settled that an account rendered and delivered to the debtor, which exhibits the creditor's demand, becomes, as between them, an account stated, unless objected to within a reasonable time; and where, as in this case, the facts are undisputed, the question as to what constitutes a reasonable time

is one of law for the court, and not of fact for the jury: *Crawford* v. *Hutchinson,* 38 Or. 578 (56 Pac. 84).

2. At one time this rule applied to accounts between merchants only, but it has now become so extended as to embrace practically every kind of transaction involving the relation of debtor and creditor, and applies to a bank and its customer or depositor.

3. The relation of a bank and its depositor is that of an ordinary debtor and creditor, except that by custom the bank is only liable upon demand made at its place of business. In other respects the dealings between a bank and its customer are governed by the same rules as those between other debtors and creditors. When the pass book of a depositor is written up and delivered to him, or the bank renders him an itemized statement of his account, and he retains the same without objecting thereto within a reasonable time, it constitutes an account stated: 1 Am. & Eng. Ency. Law (2 ed.), 449, note; *Leather Mfrs'. Bank* v. *Morgan,* 117 U. S. 96 (6 Sup. Ct. 657); *Clark* v. *Mechanics' Nat. Bank,* 11 Daly, 239; *Benton County Bank* v. *Walker,* 85 Iowa, 728 (51 N. W. 241); *Hardy* v. *Chesapeake Bank,* 51 Md. 562 (34 Am. Rep. 325).

4. The plaintiff retained the account rendered to him in September, 1894, for almost, if not quite, six years, without objecting thereto, and under the law it became an account stated, and a complete defense to this action, unless impeached by fraud or mistake. The statute of limitations seems to have been confused in the instructions with an account stated. An account rendered becomes an account stated if not objected to within a reasonable time, and this is a matter wholly distinct from the statute of limitations.

5. The contention is made that the answer does not contain a sufficient plea of an account stated. But, whatever might be said of it if the question were here on a demurrer to the answer, it is manifestly sufficient after verdict. It follows from these views that the judgment must be reversed, and the cause remanded for a new trial.                                REVERSED.