Argued July 6, affirmed September 27, 1977

# STANDARD PRODUCTS CO., *Appellant,*
## *v.*
# ICN UNITED MEDICAL LABORATORIES, INC.,
## *Respondent.*
## (No. 419-195, SC 24772)

569 P2d 594

Michael A. Corn, Portland, argued the cause for appellant. With him on the brief was Henry A. Carey, Jr., Portland.

Thomas L. Gallagher, Jr., Portland, argued the cause for respondent. With him on the brief was Hardy, Buttler, McEwen, Weiss & Newman, Portland.

Before Denecke, Chief Justice, and Tongue, Bryson, and Linde, Justices.

BRYSON, J.

**BRYSON, J.**

This is an action on an account stated, based on sales of vitamins and food concentrates by plaintiff to defendant, leaving a balance due, according to plaintiff, of $38,604.89. The trial court, sitting without a jury, found that "the evidence fails to establish the account stated as alleged in plaintiff's Complaint * * *." Plaintiff appeals.

■ Plaintiff first asserts, "The trial court erred in entering judgment for defendant based on the finding that plaintiff failed to meet its burden of proof." Plaintiff's principal argument is that defendant failed to object to the November 30 statement within a reasonable time and thus the account stated is implied from the retention of the account. The trial court's finding "must be affirmed if it is supported by any substantial evidence. Also, the evidence must be construed in the light most favorable to the prevailing party." *Sipe v. Pearson,* 276 Or 715, 719, 556 P2d 654 (1976).

■■ The burden of proof that the account was stated is upon the party asserting the same. When the recipient of a statement of account fails to object to it within a reasonable time, "the implied acquiescence is only *prima facie* sufficient evidence of the debt shown by the account * * *. [W]hether silence under the particular circumstances amounts to an admission of correctness and whether the delay was unreasonable are questions of fact for the jury."[1]

■ But before the inference of correctness can be drawn, the plaintiff must prove that the defendant did in fact receive the statement of account. In this case, plaintiff's complaint alleged that plaintiff sent a copy of the statement of account to defendant on or about November 30, 1973. Plaintiff's proof of this issue consisted of testimony by two of its officers that the

---

[1] *Carlon v. First Nat. Bank,* 80 Or 539, 548, 157 P 809 (1916); *Nodine v. First National Bank,* 41 Or 386, 389-90, 68 P 1109 (1902); *Masters v. Walker,* 99 Or 299, 308, 195 P 381 (1921).

statement of account had been mailed to defendant. This testimony gave rise to a disputable presumption that the statement was received. ORS 41.360(24). However, this presumption was disputed by defendant, whose chief fiscal officer testified that he did not see a copy of the statement until the complaint was served at his office. Further, no copy of the statement was found in defendant's files after a search. Given this evidence, the question of whether the statement was received was for the finder of fact. *Coffey v. Northwestern Hospital Ass'n.*, 96 Or 100, 109-110, 183 P 762, 189 P 407 (1919); *Wycoff v. Mutual Life Ins. Co.*, 173 Or 592, 631, 147 P 227 (1944). There is evidence to support the court's finding that the defendant never received the November 30 statement, and the plaintiff failed in its burden of proof. Therefore, the trial court's general finding against plaintiff must be affirmed.

■ Plaintiff also contends that the trial court erred in admitting certain evidence. Even if this contention were correct,

"* * * it still does not follow that the judgment must be reversed. This is because in a case tried by a court, sitting without a jury, it is assumed that the trial judge disregarded the inadmissible evidence and relied only upon competent evidence as the basis for his findings and judgment, unless it reasonably appears from the record that the incompetent evidence influenced the trial court in its decision. * * *" *Haines Com'l Equip. Co. v. Butler,* 268 Or 660, 669, 522 P2d 472 (1974).

The trial court, in making its ruling, stated, "I may refuse to consider it [the evidence objected to]."

The record in this case does not show that the trial court was influenced by the testimony objected to or that he even considered it. The issue of whether the defendant ever received the statement of account decides this case. Since the allegedly improper evidence has no bearing on that issue, it follows that the trial court's error, if any, in admitting such evidence is not reversible error.

Affirmed.