Argued and submitted July 16, reversed and remanded December 17, 1986

DAVIS,
*Respondent,*

*v.*

OREGON-CANADIAN FOREST PRODUCTS, INC.,
*Appellant.*

(A8503-01589; CA A38088)

730 P2d 556

Linda K. Eyerman, Portland, argued the cause for appellant. On the brief were Richard O. Thomas, and Gaylord, Thomas & Eyerman, P.C., Portland.

William N. Mehlhaf, Portland, argued the cause for respondent. With him on the brief was Case, Dusterhoff & Mehlhaf, Portland.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant appeals from a summary judgment on an account stated claim, contending that the questions of whether defendant's silence was an admission of the correctness of the account and whether the failure to object was reasonable are questions of fact for the jury. We review the record in the light most favorable to the party opposing the motion. *Stanfield v. Laccoarce,* 288 Or 659, 665, 607 P2d 177 (1980).

In December, 1980, defendant, by its president, Holm, retained the services of Case, an attorney, to recover approximately $90,000 which had been embezzled from defendant by a bookkeeper.[1] It was agreed that Case would be paid at an hourly rate but that a contingent fee arrangement would be discussed in the future. Case negotiated a settlement agreement in 1981, under which a mobile home, car and real property valued at $64,000 were transferred from the bookkeeper to defendant. Case and Holm then discussed a contingent fee arrangement, the terms of which are in dispute. Defendant contends that Holm agreed to pay Case 20 percent of defendant's expected $64,000 *net recovery* after liquidation of the real property. Liquidation was to occur after defendant had completed construction of a house on the property. In February, 1981, Case sent Holm a statement for fees, which included $2,525.89 on the basis of hourly charges as well as a contingent fee:

| | |
|---|---|
| "Subtotal | $ 2,525.89 |
| "Recovery valuation excluding payment from bank and ultimate disposition of property- $64,000 subject to 20% contingency | $12,800.00 |
| "Total Amount Due: | $15,325.89 |
| "Due upon receipt of statement | $ 2,525.89 |
| "Due upon sale of property | $12,800.00" |

Holm promptly authorized payment of the hourly charge. The property was sold in June, 1982. Defendant failed to object to the contingent fee until February, 1985.

Plaintiff's summary judgment motion on the account

---

[1] Plaintiff is the assignee of the claim "for collection only."

stated claim was based on the facts that defendant had received the statement and had failed to object within a reasonable time. Defendant contends that it had no reason to object because of Holm's understanding that he had agreed to pay Case 20 percent of the *net recovery* after liquidation of the property. In other words, defendant does not object to the billing *per se,* but to its interpretation.

In *Standard Prod. Co. v. ICN United Med. Labs,* 279 Or 633, 635, 569 P2d 594 (1977), the court said:

> "When the recipient of a statement of account fails to object to it within a reasonable time, 'the implied acquiescence is only *prima facie* sufficient evidence of the debt shown by the account * * *. [W]hether silence under the particular circumstances amounts to an admission of correctness and whether the delay was unreasonable are questions of fact for the jury.' " (*Citing Carlon v. First Nat. Bank,* 80 Or 539, 548, 157 P 809 (1916), *Nodine v. First National Bank,* 41 Or 386, 389-90, 68 P 1109 (1902); and *Masters v. Walker,* 99 Or 299, 308, 195 P 381 (1921).)

In *Tri-County Ins. v. Marsh,* 45 Or App 219, 223, 608 P2d 190 (1980), we said:

> "The thrust of [an account stated] theory is that an agreement may be inferred from the failure of a debtor to object to an accounting he receives from a creditor. Although this inference is available, it remains a fact issue as to whether the debtor agreed to pay the amount stated in the accounting."

In this case, there are unresolved issues of fact: whether defendant's failure to object was reasonable and the amount that defendant actually owes plaintiff on the account. Accordingly, granting a summary judgment to plaintiff was error.

Reversed and remanded.