JAMES NICHOLS *v.* MADISON SCOTT.

CHITTENDEN,
January,
1840.

A settlement between two parties is, *prima facie*, to be taken as a settlement of all demands; but is not conclusive, and is no bar to a recovery for matters not included in the settlement, though existing at that time.

The law does not imply an agreement on the part of an attorney, when he puts a demand in suit, for his client, that he will, in the first instance, look to the demand as a means of satisfying his costs; or that he will wait for his pay until it is determined whether it is collectable, or not; and there is no such general and settled usage·on the subject, from which such an agreement can be inferred.

THIS was an action of assumpsit on a note for fifteen dollars, to which the defendant pleaded the general issue and a set-off in assumpsit for work and labor, care and diligence and money paid, laid out and expended for the plaintiff. Issues to the country.

On the trial in the county court, the plaintiff produced and read the note declared on. The defendant introduced evidence tending to show, that, as the attorney and agent of the plaintiff, he had instituted suits for the plaintiff; that most, if not all, had proceeded to judgment and execution prior to the 27th January, 1838; that the defendant acted as the attorney in the cases before the justice, but no express evidence was given of any employment by the plaintiff, nor any evidence of the result of the suits, the evidence of the employment being of a circumstantial character.

The plaintiff introduced evidence to prove that a settlement of accounts between the parties was made on the 27th January, 1838; that the defendant then executed a note to the plaintiff of $13,19 for the balance of accounts as then charged on the defendant's book and the said evidence further tended to show that, after the said settlement and on the same day, the plaintiff said to the defendant that if he did any more business for him, he must take his pay out of the plaintiff's store, to which the defendant assented, but said that as he should have to pay out some money for sheriffs' and justices' fees, he must have goods at cash price, to which the plaintiff replied that he should have goods as cheap as he could get them any where.

The plaintiff insisted that the settlement, above stated, must be considered as a full settlement of all that was properly chargeable at that time; that, by the uniform course of

CHITTENDEN,
January,
1840.

Nichols
v.
Scott.

business in this state between the client and the attorney in the collection of demands, the attorney received his pay from the collections, if collectable, and, if not so, the right of action for fees could only accrue on its being ascertained that they were not collectable, and that in this case no right of action could accrue to the defendant, nor any claim for fees be maintained by him, without showing what had become of the suits, and that, without proof to the contrary, it was to be presumed the judgments were collectable. But the court charged the jury, among other things, that if they found the parties had made a settlement on the 27th January, 1838, as contended by the plaintiff, this must be taken, *prima facie*, to be a settlement of all demands between the parties up to that date, and a bar to the defendant's recovering on his declaration in offset; but, if the items in question were not, in fact, included in that settlement, and this was shown to their satisfaction, the settlement was no bar to a right of recovery for the same, and that an agreement between the parties, made at the time of the settlement, that the defendant should receive his pay for any future services, which he might render the plaintiff, out of his store, could not include services already rendered, and that if they found from the evidence that the defendant had, as an attorney, rendered services and paid out money for the plaintiff, in and about his business at his request, prior to, and not included in their settlement, the defendant was entitled to recover for the same on his plea in offset; and the amount should be ascertained by the jury from the evidence in the case, and that the defendant was not bound to wait until it was ascertained whether the demands, upon which costs had accrued, were collectable or not, in the absence of any special agreement to that effect.

Under the charge of the court, the jury returned a verdict for the defendant to recover on his plea in offset against the plaintiff. To which charge of the court the plaintiff excepted.

*Charles Adams* for plaintiff.

1. We contend that there was an undertaking on the part of Scott to *collect* the *demands*, if collectable, and consequently, if collected, his claim for fees is upon the amount collected, and that his right to charge Nichols personally is only in the event of the demands not being collectable.

There was no evidence of any special engagement. Scott
had commenced certain suits, and therein acted as the at-
torney of Nichols.  It was the common case of a demand
handed to an attorney for collection without any contract ex-
cept what the law implies.  We insist that, in such case,
the implied contract is that the attorney shall use all proper
diligence in the collection of the demand, if collectable, and
pay over the proceeds, deducting his fees.

2. The presumption of *law* is, that the demands were
collectable and collected.

It appears by the case that judgments had been recovered,
and it was the duty of Scott to have issued executions,
and if they had not been collected, it was competent and
easy for him to show it, and the necessary inference is that
they were paid.  It cannot be required of the creditor to
show that the demands have, in fact, been paid but it is the
duty of the attorney to show the result of the executions,
and, if not paid, show that fact.  It was then the duty of the
court, to charge the jury, on this point, as matter of
law, but the court directed the jury that Scott was entitled
to recover, though the case shows there was no evidence as
to the result of the executions.

3. We contend that the settlement of January 27, 1838,
is conclusive evidence that all legal claims, at that time ex-
isting, were settled.  It is quite certain the parties so under-
stood it at that time.  Scott balanced his book and gave his
note for the amount apparently due.  It is not necessary to
contend that this would bar any mistake in the settlement,
but the parties seem to have acted understandingly, and, we
contend, according to the legal effect of the implied contract.
This settlement, it will be noticed, was before the executions
were returnable.  On the return of the executions, if collect-
ed, Scott would be bound to pay the proceeds, deducting
fees, &c. to Nichols; but, if not collected, his claim would
then commence, and not before.

*A. G. Whittemore,* for defendant.

The question of fact, whether this account was included
in the settlement of the parties, was properly left to the jury.
*Austin* v. *Berry, et al.* 3 Vt. R. 58.  *Darling* v. *Hall,* 5
Vt. R. 91.  *McLaughlin* v. *Hill,* 6 Vt. R. 20.

The right of an attorney to charge and collect his costs

is perfect when the costs have accrued, and he is not bound to wait till the final issue of the attempt to collect, which, in some cases, might be postponed for years. The suits might be appealed and contested, whether defensible or not; and, though attorneys usually delay calling for their pay from their clients, yet no law or custom obliges them to do so.

Nor is an attorney, in the mode attempted to be applied in this case, obliged to account for the demands left with him for collection.

The opinion of the court was delivered by

BENNETT, J.—It is undoubtedly true, that when a settlement has been made between two parties, it is, *prima facie,* to be taken as a settlement of all claims then existing between them, but it cannot exclude proof to the contrary; and if it turns out, in fact, that the claim in dispute has not been settled, there is no principle of law that will constitute the settlement a bar to such claim. Indeed it has been held that a former recovery in an action on book will not bar a subsequent suit of the same nature for articles delivered before such recovery, but not adjudicated, and, that parol proof was admissible to show what claims were adjusted in the former trial. *McLaughlin* v. *Hill,* 6 Vt. R. 20. 2 Johns. R. 230. 6 Term R. 607.

The common principle is, that a person's right to compensation, for services performed, is perfect when the services have been rendered. In the case of *Roberts* v. *Havelocke,* 3 B. & Adol. 404, it was held that a general employment to do a particular job of work would not prevent the mechanic from recovering his pay for what he had done before the work was completed. Lord Tenterden, Ch. J., in that case, said, " There is nothing in the case amounting to a contract to do the whole repairs of the ship, and make no demand of payment until they are completed."

There is no reason why attorneys should be placed on different ground from other persons. When an attorney puts a demand in suit for his client, the law does not imply an agreement that he is, in the first instance, to look to the demand as a means of satisfying his costs, nor that he is to wait for his pay until it shall be determined whether it is col-

lectable or not, and, though attorneys may usually delay call-
demand is collected, or until it proves not collectable, still

there is no such general or settled usage upon the subject, as will furnish evidence of an implied contract of the attorney to that effect. We do not not discover any good ground of objection to the instructions given to the jury by the county court, and, consequently, the judgment of that court is affirmed.