## RYAN *v.* RAND.

Receipts are not conclusive evidence of what they contain, but may be contradicted, varied or explained by oral testimony.

Statements in writing of the situation of the accounts between parties, when not containing contracts, fall within the same principle.

A certificate or statement, in writing, that there is a balance due A. on book account from B. of $143,53 up to a certain date, and signed by B., is not conclusive evidence of all the accounts between the parties, and may be explained by parol testimony.

ASSUMPSIT upon an account annexed to the writ, one item of which was as follows:

1848, Dec. 22.    To balance of accounts as found due on settlement for labor and boarding,.............$143,53
There were other items in the account amounting to 47,17

Plea, the general issue and a set-off, consisting of numerous items of goods delivered to the plaintiff from the store of the defendant, at different dates, from December 1st, 1848, to February 1st, 1849, amounting to.............$379,56
And the following items, to wit:
Rent of shanty, six months,........................12,00
Order in favor of Ryan on Noyes & Gilman,........20,00
Smith's bill, not rendered 22d Dec., as follows:
Bill of goods from Smith's store, delivered in September, 90,33
   "      "      "      "      "        "        October,...10,91
   "      "      "      "      "        "        Jan. 1849,..17,25

Upon the trial, the plaintiff introduced as evidence a paper, signed by the defendant, of which the following is a copy:

" Meredith, Dec. 22d, 1848.    This certifies that there is a balance due Patrick Ryan, on book account, from J. D. Rand, of one hundred and forty-three dollars and fifty-three cents up to the first day of December.

J. D. RAND."

Ryan *v.* Rand.

The defendant then offered to prove that on the day when the paper was given, the parties agreed to look over the account-books of the defendant, and to settle the accounts between them so far as they were exhibited on those books, up to the first of December, 1848; that prior to that time it had been agreed between the parties and one Warren H. Smith, that the plaintiff might have goods from the store of said Smith, as he from time to time should want them, on credit, and that the defendant should be accountable to Smith for the payment of those bills, and that the plaintiff should account to the defendant for whatever goods might be thus delivered by Smith to the plaintiff, in their monthly or quarterly settlements; that at the time of the settlement, on the 22d of December, there had been three bills of goods, being the three last items in the set-off, delivered by Smith to the plaintiff under that agreement, and that at the time of the settlement, on the 22d of December, it was agreed between the parties that these bills should not be included in the reckoning, but should be left for future adjustment, and that upon the settlement thus made, the sum of $143,53 was found due from the defendant to the plaintiff, and the paper was given on account thereof; that the other items in the set-off, not contained in the account for goods sold, were not included and reckoned in that settlement, they not being on the books, although they accrued prior to the first day of December.

To the admission of this evidence the plaintiff objected, and by consent the cause was taken from the jury and a nonsuit entered, the nonsuit to be set aside and the cause to be committed to an auditor, for the purpose of stating the accounts between the parties, upon such principles as may be held by the court to be legal in the case; or the cause to be submitted to a jury for the trial of any fact which may be deemed material, upon the motion of either party.

The questions arising upon the case were transferred to this court for determination.

*Bell,* for the plaintiff.

The words " book account," in the defendant's certificate, belong to ordinary and popular language, and have a well known signification ; and they embrace not only matters of account which appear upon the defendant's books, but every thing which was a proper subject of charge on book account, including all the items stated in the case.    And parol evidence is not admissible to show that they were used in any other than their ordinary sense.    2 Stark. on. Ev. 566 ; 1 Greenl. on Ev. §§ 277, 281 ; *Pickering* v. *Dowson,* 4 Taun. Rep. 779 ; *Taylor* v. *Briggs,* 2 C. & P. 525.

It cannot be shown by parol that a testator used the word " moneys " in a sense differing from the ordinary one. *Mann* v. *Mann's Exrs.* 1 Johns. Ch. Rep. 231 ; 14 Johns. Rep. 1.    Or what the testator meant by the word " plate." *Nichols* v. *Osborne,* 2 P. Wms. 419.    Or by the word " close."    *Richardson* v. *Watson,* 4 Barn. & Ald. 799.    See also *Robertson* v. *French,* 4 East. 135.

*Bellows,* with whom were *Cate & Rogers,* for the defendant.

The defence is a set-off of a claim existing at the time of the settlement.    The paper given is substantially an acknowledgement that all accounts were settled.    It is nothing more than a receipt, though not so explicit, even if the true term " account " includes the claim offered to be set off. It is substantially a receipt, so far as respects the admission that all accounts are settled, and may be contradicted by parol.    1 Greenl. on Ev. § 301 ; 2 Cowen's Phil. Ev. 212, and note to 194 ; 1 Peters' C. C. Rep. 182 ; 3 Johns. Rep. 317.

EASTMAN, J.    The paper which was offered in evidence, signed by Rand, appears to be of that class which may be explained or contradicted by parol evidence.    It is a mere certificate or statement of the situation of the accounts be-

tween the parties at the time of its date, and stands upon the same footing as receipts. It contains within itself the evidence of a looking over, an examination of the accounts between them, and states the result, and that result may be explained.

That receipts are not conclusive evidence of the true state of dealings between parties is well settled. They are *prima facie* evidence of what they contain, but may be contradicted, varied or explained by oral testimony. *Tucker* v. *Maxwell,* 11 Mass. Rep. 143; *Johnson* v. *Weed,* 9 Johns. Rep. 310; *Maze* v. *Miller,* 1 Wash. C. C. Rep. 328; *Putnam* v. *Lewis,* 8 Johns. Rep. 389; *Rollins* v. *Dyer,* 4 Shepl. Rep. 475; *Burnap* v. *Partridge,* 3 Vt. Rep. 144; *House* v. *Low,* 2 Johns. Rep. 378; *Fuller* v. *Crittenden,* 9 Conn. Rep. 406.

A receipt in full of all demands was allowed to be contradicted, and shown by parol to have been intended for an unliquidated claim, leaving a balance struck still due. *Ensign* v. *Webster,* 1 Johns. 145. So parol evidence was received to show to what demand a receipt was applicable. *Brooks* v. *White,* 2 Met. Rep. 283.

A settlement between parties is *prima facie* to be taken as a settlement of all demands, but is not conclusive, and is no bar to a recovery for matters not included in the settlement, though existing at the time. *Nichols* v. *Scott,* 12 Vt. Rep. 47.

This paper is not a contract for the performance of any act, or the payment of any sum of money. It contains no promise to pay, but is simply evidence of a settlement of accounts, and, we think, clearly falls within the principles of the authorities cited.

The case is a proper one for an auditor. What particular evidence the auditor shall receive, or the precise principles that shall govern him, as seems to have been contemplated should be indicated to the auditor, cannot now be specified. After a hearing before the auditor, and a report

made by him, the court will judge whether the hearing has been legal or not, and will affirm, recommit or reject the report, as justice shall require.

According to the provisions of the transfer, the nonsuit must be set aside, and the case will then be committed to an auditor, or tried by the common pleas.