Battle, J.
 

 When it is ascertained upon proof, or is admitted that there was a settlement of accounts between parties, if the law raises a presumption that it was a full settlement of all matters of account between them at the time when it was made, the Judge erred in refusing to give the instruction which the defendant’s counsel asked for. There was certainly testimony, tending to show, that there had been a settlement of accounts between the plaintiff and defendant’s intestate, and upon the supposition, that the jury should find the fact to be so, the defendant had a right to an instruction from the Court, as to any presumption which the law might raise from it. The question, then, is, whether in the case supposed, there was any presumption of law that the settlement between the parties was a full one, and of course, included the plaintiff’s claim for board, unless he could show that such claim was not taken into the account. Upon this question, we think that the authorities referred to by the defendant’s counsel, as well as the reason upon which they are founded, are decidedly in his favor. It is not necessary to notice more than one or two of the cases upon the subject. In
 
 Nichols
 
 v.
 
 Scott,
 
 12 Verm. Rep. 47, it was held that a settlement was presumed to be in full. So, in the recent case of
 
 Farmer
 
 v.
 
 Barnes,
 
 3 Jones’ Eq. Rep. 109, it was said by this Court, that “ this settlement and note, closing the balance, raises a presumption that all matters of charge and discharge were taken into the account, especially, as it was admitted that the settlement was made in reference to the deed of defeasance, which was, in a few days afterwards, executed.” So in the case before us, when it was testified that the plaintiff owed the defendant’s intestate on account, $138,37^-, for the hire of negroes, and also a note for several hundred dollars, and af
 
 *287
 
 ter the time, when both the accounts owing to, and from him, were due, the plaintiff said that he and the intestate had had a settlement, and about the same time sent $50, to be credited on the note held against him by the intestate, we think the law raised a presumption that his account had been taken into the settlement, and was thereby satisfied. The presumption was not conclusive, and he was at liberty to show that the fact was otherwise; but in the absence of proof on his part to that effect, his account must be considered as having been settled. Every presumption of this kind, is founded (as was said in
 
 Dupree
 
 v.
 
 Dupree,
 
 4 Jones’ Rep. 387,) upon the principle, that the thing presumed is ordinarily the consequence of that from which the presumption is raised. “ Thus, as it is common in England, for the purchaser of goods to give his note for the price, a note given after the purchase of goods is, in the absence of direct proof, presumed to have included the price of such goods;
 
 Motrie
 
 v. Harriss, 1 Moody and Malkin, 322, so, an order for money is not usually left in the hands of the drawee, unless the money has been paid. Hence, the possession of the order is admitted as evidence of the payment;
 
 Blount
 
 v. Starkey, Tayl. Rep. 110.” For the same reason, a settlement of accounts between two parties, is presumed to have included all the items on each side, because such is ordinarily the case with persons who enter into such a settlement.
 

 Our conclusion is, that the defendant was entitled to the instruction which he asked, and it was error in the Ooiirt to refuse it.
 

 Per CueiaM, Judgment reversed, and a new trial granted.