Argued April 16, affirmed May 27, 1919.

## PUFFER *v.* BADLEY.

(181 Pac. 1.)

**Brokers—Compensation—Agreement—Statute of Frauds.**

1. Section 808, L. O. L., as amended by Laws of 1917, page 786, declaring an agreement employing a broker to buy or sell real estate for compensation to be invalid unless in writing and subscribed by the party to be charged or his agent, describing the land and stating the commission to be paid, is satisfied by a written agreement so executed after the performance of the services.

**Brokers—Employment—Contract Evidence of Agency—Admissibility.**

2. A written agreement, to pay a broker a stated compensation for selling real estate, satisfying the statute of frauds and purporting on its face to have been made after the sale, was properly admitted in evidence to show the relationship of principal and agent in a suit for money had and received by such broker.

**Brokers—Employment—Evidence of Agency—Sufficiency.**

3. In an action to recover money received by defendant as plaintiff's agent in selling real estate, based upon defendant's alleged

failure to disclose a true offer made by the purchaser for the land sold, evidence *held* sufficient to sustain finding that defendant was plaintiff's agent.

**Brokers — Action to Recover Money Received — Evidence — Value of Considerations Received from Sale.**

4. Evidence as to the market value of lots conveyed to plaintiff by defendant as part of the purchase price for land sold by plaintiff to another through defendant as agent is admissible in action to recover the sum received by defendant in payment for such lots as part of an original cash offer for plaintiff's land, not disclosed by defendant to plaintiff, to show that plaintiff did not act capriciously in repudiating the transaction.

**Appeal and Error—Harmless Error—Trial Without a Jury—Admission of Incompetent Evidence.**

5. In an action tried by a court without a jury, admission of irrelevant and incompetent testimony, objected to, is not prejudicial error, where no injury to the party objecting resulted therefrom.

**Appeal and Error—Review—Conflicting Evidence.**

6. Finding by the trial court is conclusive on appeal, where there was a sharp conflict in the evidence.

**Attorney and Client—Notice to Attorney—Imputation to Principal.**

7. Knowledge of an attorney, who was only acting for plaintiff in passing upon the sufficiency of title to several properties, that a purchaser of land from plaintiff through defendant, a broker, had made a certain offer for the land, and that some of the properties received by plaintiff in part payment for her land actually belonged to the defendant, does not charge the plaintiff with constructive knowledge, where such attorney in every other detail was attorney for the purchaser.

**Brokers—Accounting by Broker—Tender—Sufficiency.**

8. The fact that, when a principal tendered her broker a deed to lots conveyed to her by him, and demanded payment of money retained by such broker from the proceeds of land sold by him for her, she made no mention of furniture included with a lot conveyed to her does not invalidate the rescission, where the broker refused to rescind.

[As to amount of compensation of real estate broker where contract fails to fix rate, see note in **Ann. Cas.** 1912A, 1267.]

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 1.

This is an action for money had and received by the defendant for the use of the plaintiff. The complaint is in the usual form, and the answer is a general denial. Upon stipulation the case was tried by the

court without a jury. The evidence discloses the following facts: The plaintiff, a widow, was the owner of certain business property on Washington Street in Portland, upon which there was a mortgage for $13,000. The property was assessed at $31,200. Being in financial straits, she was trying to sell this property, and the defendant, learning this fact, informed J. R. Ellison of the fact, and the latter authorized defendant to offer plaintiff $10,000 in cash, and his residence property at the corner of 37th and Morrison Streets in Portland, which was valued at $5,000. Plaintiff insists that this offer was never disclosed to her, but that defendant told her that Ellison was willing to pay her $4,000 in cash and convey to her the residence property mentioned, and certain other lots, which in fact belonged to defendant. The latter offer was finally accepted by her, and when she conveyed her property to Ellison, she received the $4,000, in cash, less a commission of $750 which she paid to defendant, and some incidental expenses, and also received deeds to the properties already referred to. In one of the houses conveyed to her by defendant, there was some furniture which was included in the conveyance. Thereafter, discovering that defendant had received $6,000 of the original cash offer, in payment for the lots which he had deeded to her, and that he had not disclosed to her the offer as made by Ellison, plaintiff tendered him a deed to such property and made a demand for the $6,000, which was refused, and she brought this action. At the conclusion of the trial, the court made findings of fact, and entered a judgment in favor of plaintiff, from which defendant appeals. The further facts will be found in the opinion.        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. A. G. Thompson.*

For respondent there was a brief over the names of *Mr. George W. Gearhart* and *Mr. H. H. Northup,* with an oral argument by *Mr. Gearhart.*

BENSON, J.—1. Our attention is first called to the fact that the court admitted in evidence, over defendant's objection, a written instrument which reads thus:

"For services rendered in the sale of my property located between 16th and 17th Street on Washington Street and more fully described as Number 531 on Alder Street and 528–528½ and 530 on Washington Street in the City of Portland, State of Oregon, I hereby agree to pay to O. V. Badley the agent who sold said property to one J. R. Ellison the sum of Seven Hundred and Fifty ($750.00) Dollars and I hereby order and direct Geo. W. Gearhart the attorney for J. R. Ellison to pay to O. V. Badley said sum of $750.00 when final settlement is made and Mr. Ellison's part of the agreement for the exchange of the properties is fulfilled, said contract being a part of this memorandum.

"CORA E. PUFFER.

"Received payment 8–25–1917.

"O. V. BADLEY."

This document was introduced by the plaintiff as evidence of the fiduciary relation existing between plaintiff and defendant in the transactions involved herein. Defendant argues that it is inadmissible for the reason that it does not satisfy the requirements of Section 808, L. O. L., as amended by Laws of 1917, page 786, which is the statute of frauds. The portions of this statute which are to be considered in this connection, are as follows:

"In the following cases the agreement is void unless the same or some note or memorandum thereof, expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent; evidence, therefore, of the agreement shall not be received other than the writing, or secondary evidence of its contents, in the cases prescribed by law: * * 8. An agreement entered into subsequent to the taking effect of this act, authorizing or employing an agent or broker to sell or purchase real estate for a compensation or commission; provided, however, that if the note or memorandum of such agreement be in writing and subscribed by the party to be charged, or by his lawfully authorized agent, and contains a description of the property sufficient for identification, and authorizes or employs the agent or broker named therein to sell such property, and expresses with reasonable certainty the amount of the commission or compensation to be paid such agent or broker, such agreement of authorization or employment shall not be void for failure to state a consideration."

2. It is clear that the writing in question satisfies every requirement of the statute, including the signature of the defendant, but it is urged that the instrument discloses upon its face the fact that it was executed after the sale was made, and was not signed by the defendant until after the payment of the commission therein specified. We are of the opinion, however, that a written memorandum of the agreement executed after the performance of the services satisfies the demands of the statute just as effectively as if it were written and signed prior thereto, and in this view we are supported by the cases of *In re Balfour & Garrette,* 14 Cal. App. 261 (111 Pac. 615); *Carrington* v. *Smithers,* 26 Cal. App. 460 (147 Pac. 225); *Muir* v. *Kane,* 55 Wash. 131 (104 Pac. 153, 19 Ann. Cas. 1180; 26 L. R. A. (N. S.) 519); *Ide* v. *Stan-*

*ton,* 15 Vt. 684 (40 Am. Dec. 698). The writing in question was properly admitted in evidence, and very clearly tended to establish plaintiff's contention that the relation of principal and agent existed between herself and defendant in the transactions which are the subject matter of the controversy.

3. It was defendant's contention that he was at no time acting as the agent for plaintiff, but that throughout the entire negotiations he was representing Ellison only. In support of this theory he offered in evidence the deposition of R. W. Zimmerman, who at the time of taking the deposition, and at the time of trial, was with the American Expeditionary Force in France. By this evidence it was sought to establish that Zimmerman was a real estate broker acting independently of defendant, with whom plaintiff had ''listed'' her property for sale; that he, as her agent, had conducted the negotiations with defendant as the agent of Ellison; had communicated to her, by telephone, the full details of Ellison's original offer, which had been rejected by her; that before the bargaining was finally concluded, he was called into the public service, and left the conclusion of affairs entirely in the hands of Badley, the defendant.

This evidence was not excluded by the court, but was admitted ''subject to the objection,''. the court evidently treating the case, so far as procedure is concerned, as if it were a suit in equity. However, the court at the same time announced that in weighing the evidence he should not consider the evidence tending to prove agency in Zimmerman, for the reason that if there were any such agency its proof rested in parol, and was incompetent, as violating the statute of frauds as prescribed in Section 808, L. O. L.

It may be—although it is not necessary for us to decide—that such parol evidence is admissible collaterally, to show the relationship of the parties, where the enforcement of the specific contract is not an issue, but, having all of the evidence before us, and giving it all of the effect to which it is entitled, the finding of the trial court that the defendant was the agent of plaintiff, is fully justified.

4, 5. Plaintiff introduced, over the objection of defendant, the testimony of B. D. Sigler as to the market value of the properties which were conveyed by defendant to plaintiff, and this ruling is assigned as error. Plaintiff concedes that under the pleadings, this evidence is not strictly relevant to the issues, but urges that it was relevant and competent for the purpose of showing that plaintiff did not act capriciously in repudiating the transaction of which she complains, but had a real grievance. For this purpose it was admissible, but even if it were otherwise, we are unable to discover wherein the defendant suffered any injury therefrom, since the final determination of the cause is based upon the fact that the relation of principal and agent existed between the parties, and that defendant, while acting as agent for plaintiff, failed to disclose to her the true offer made by Ellison for her property. In *Williams* v. *Burdick,* 63 Or. 41 (125 Pac. 844, 126 Pac. 603), we find this language:

"In an action tried by a court without a jury, the receipt of incompetent evidence, properly excepted to, is not prejudicial, unless injury has necessarily resulted."

6. It is also urged that plaintiff must fail by reason of the fact that she had both actual and constructive knowledge of Ellison's offer, and of the fact that some

of the properties belonged to defendant before the deal was finally consummated. Regarding actual knowledge, the defendant introduced evidence to the effect that Zimmerman, in a telephone conversation, informed Mrs. Puffer of Ellison's offer, and that she rejected it. This testimony is flatly contradicted by her, and the conflict is conclusively disposed of by the finding of the trial court.

7. The contention of defendant in reference to constructive knowledge is based upon the theory that George W. Gearhart was acting as legal adviser for plaintiff in the transaction, and that he had full knowledge of the facts. The record discloses that Gearhart was representing Ellison in the matter, while Mrs. Puffer was relying upon the services and advice of Judge H. H. Northup. Judge Northup at this time became ill, and asked Mr. Gearhart to act for him in passing upon the sufficiency of the title to the several properties, as disclosed by the several abstracts. This he did, and Mrs. Puffer accepted his assurance as to the title in the tracts of land. It is conceded by all that in every other detail, Mr. Gearhart was the attorney for Ellison. Therefore any knowledge which Gearhart may have had as to the Ellison offer, and the source of the real estate which was actually conveyed, cannot be imputed to the plaintiff, for:

"The rule that notice to an agent is notice to his principal is not applicable unless the notice has reference to business in which the agent is engaged under authority from the principal, and is pertinent to matters coming within that authority; and hence a principal is not affected with knowledge which the agent requires while not acting in the course of his employment, or which relates to matters not within the scope of his authority, unless the agent actually communicates his information to the principal": 2 C. J. 863.

8. It is further urged that when plaintiff tendered to defendant, a deed to the properties conveyed to her by him, and demanded payment of the money he had received therefor from Ellison, she made no mention of the furniture which was in the Firland house. In regard to this it may be said, that there is evidence to the effect that when she made her demand for a rescission, the defendant promptly announced that the transaction was a closed incident, and that he would not rescind. Under such circumstances, further details would have been futile, and not required.

We find no reversible error in the record, and the judgment is affirmed.    AFFIRMED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.