Argued March 23, affirmed April 20, 1920.

## O'DAY *v.* SPENCER.*

### (189 Pac. 394.)

**Appeal and Error—Findings of Court Sitting Without Jury have Effect of Verdict.**

1. Findings of fact by court where jury was waived have the effect of a verdict, and must be sustained if supported by any evidence.

**Account Stated—Not Presumed to Extend to Items Arising After Statement.**

2. An account stated is not presumed to extend to items arising after statement of the account.

---

*The question of admissibility, as between third parties, of entries against interest made by deceased persons in books of account is discussed in a note in 2 B. R. C. 670.          REPORTER.

Evidence—Testimony as to Entries by Deceased in His Account-book Admissible.

3. Under Section 790, L. O. L., parol evidence that entries in the book of accounts of an attorney were in his handwriting was admissible in an action by his executrix to recover for services rendered.

Attorney and Client—Attorney's Right to Compensation will not be Denied Because His Opinion was Erroneous.

4. Where it appeared that defendant received a large sum of money as result of litigation, and there was no showing that the attorney's fee was to be contingent, the fact the attorney erroneously represented a sheriff's sale was valid will not, where there was no showing that defendant relied on it or was injured, prevent recovery of compensation.

Attorney and Client—Evidence Held Sufficient to Sustain Judgment in Favor of Attorney's Executrix.

5. In an action for legal services brought by an attorney's executrix, evidence *held* sufficient to sustain the judgment of $250 for services; the opinion of another attorney not being contradicted.

[As to what is a reasonable attorney's fee in absence of contract, see note in Ann. Cas. 1916B, 263.]

From Multnomah: Robert G. Morrow, Judge.

Department 2.

The plaintiff as executrix of the estate of her deceased husband, Thomas O'Day, seeks to recover for certain legal services alleged to have been performed by him for the defendant. The first cause of action is upon a stated account for $1,765.15 rendered December 28, 1914, upon which $1,650 has been paid.

The second cause of action is for $1,000 for services growing out of the defendant's case against the Monarch Transportation Company, in which it is claimed that the company paid $500 of that amount to the defendant, who then promised and agreed to pay the $1,000 to the deceased, but that no part thereof has been paid.

The third cause of action is for alleged services performed in the case of Elijah Corbett Company against the defendant and others, said to be of the reasonable value of $250.

For answer the defendant makes a general denial, and as a further and separate defense alleges that about December 28, 1914, "the said Thomas O'Day rendered to this defendant a statement of account of all the cases and matters in which the said Thomas O'Day had performed services for this defendant and had not been paid in full, and according to the account stated so rendered there was then due the said Thomas O'Day" the sum of $1,265.15. The defendant then alleges certain payments and admits the balance of $115.15, which he tenders into court, and prays that it be accepted in full settlement of plaintiff's claims.

Replying, the plaintiff alleges that Judge O'Day's employment "did not cease in the latter part of 1914"; admits the rendition of the stated account of December 28, 1914, but alleges that "said account did not include services for the negotiation and sale of the certificate of sale in the case of *E. W. Spencer* v. *Monarch Transportation Co.*, or services in the case of *Elijah Corbett Co.* v. *Spencer et al.*"

A jury was waived, and trial was had before the court, which made findings of fact to the effect that the second and third causes of action were not included in or a part of the stated account in the first cause, and that plaintiff was entitled to recover the full amount of her claim in each cause of action. Judgment was rendered in her favor against the defendant for $1,365.13, with interest at 6 per cent from October 1, 1915. The defendant appeals, claiming that the court erred in the admission of an entry in the handwriting of the deceased as to the $1,000 charge which he made in his office books against the defendant, and in holding that plaintiff's right to recover was based upon a written instrument which provided:

"Should Spencer's title to said certificate fail so that the said Getz cannot receive the title purporting to be conveyed thereby, said Spencer agrees to refund 'to said Getz all moneys paid by said Getz hereunder''

—for the reason that it was conditioned upon the validity of the sheriff's certificate of sale and deed, which have since been found to be illegal and void, although the deceased represented them to be legal and valid instruments and the defendant relied upon such representations. It is further asserted that the court committed error in refusing to strike out certain testimony as to the third cause of action.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Seneca Fouts* and *Mr. Paul Mahoney,* with an oral argument by *Mr. Fouts.*

For respondent there was a brief over the names of *Mr. J. M. Haddock* and *Mr. James G. Wilson,* with an oral argument by *Mr. Haddock.*

JOHNS, J.—1. As the case was tried by the court without a jury, its findings of fact are as binding and conclusive upon this court as a verdict, and must be sustained if they are within the issues and there is any evidence to support them: *Wheelock* v. *Richardson,* 91 Or. 87 (178 Pac. 377); *Puffer* v. *Badley,* 92 Or. 360 (181 Pac. 1, 4 A. L. R. 1561). There is no dispute as to the first cause of action.

2. The trial court received evidence tending to show that the charges specified in the second and third causes of action were not included or embraced within the stated account upon which the first cause is founded.

That ruling was correct. The law is well stated in 1
Cyc. 453, as follows:

"An account stated or settled is *prima facie* to be
taken as a settlement of all valid items of debit and
credit existing between the parties at the time of
its statement. But this presumption does not extend
to a cause of action which had not accrued at the time
of the statement of the account. Nor will the parties
be concluded by such presumption as to matters which
were not contemplated by them, or which were not in
fact included in the statement or settlement, though
they existed at the time, but the presumption will be
destroyed when the details of the settlement show that
the matter in controversy was not included."

In *Normandin* v. *Gratton,* 12 Or. 505 (8 Pac. 653),
this court, speaking by Mr. Justice LORD, said:

"The question asked and answered by the witness
was evidence tending to rebut the presumption of the
settlement alleged, including all demands between the
parties, and was admissible. It is conceded that a set-
tlement between the parties is *prima facie* to be taken
as a settlement of all demands, but is not conclusive,
and is no bar to a recovery for matters not included
in the settlement, though existing at the time: *Nichols*
v. *Scott,* 12 Vt. 47; *Ryan* v. *Rand,* 26 N. H. 15. The
object of the question was to show that the matter
referred to was not included in the account stated, and
thus rebut the presumption that it included all previous
transactions: Whart. Ev., § 1331, notes. As such the
question was admissible, and the objection was prop-
erly overruled."

3. As to the second cause of action the court received
parol evidence that certain entries in his book of ac-
counts were in the handwriting of the deceased, and
that they were made at a certain time and under cir-
cumstances stated. It is claimed that such testimony
was incompetent. It was clearly admissible under
Section 790, L. O. L., which provides as follows:

"The entries or other writings of a like character of a person deceased or without the state, made at or near the time of the transaction, and in a position to know the facts stated therein, may be read as primary evidence of the facts stated therein, in the following cases: * *

"2. When it was made in a professional capacity, and in the ordinary course of professional conduct. * * "

The testimony is clear that the entry was made by the deceased as an attorney, in the ordinary course of his professional business.

4. The defendant claims that Judge O'Day should not have received a fee of $1,000 for his services in the second cause of action; that the deceased represented to him that all of the legal proceedings, including the sheriff's sale were valid; that he relied upon such representations, but that it has since been decided that the sheriff's certificate of sale was void. However, the fact remains that the defendant received and now has the $8,600 from and out of which he agreed to pay the deceased $1,000, and that there is no evidence that he has ever been called upon or will ever be required to refund the money which he received, that he relied upon any representations made to him by the deceased, or that payment for Judge O'Day's services was to be in the nature of a contingent fee.

5. The third cause of action is for $250 as a fee for legal services rendered by the deceased for the defendant in the case of Elijah Corbett Company against him. From the evidence, it appears that this was important litigation, to which the deceased devoted considerable time in studying the legal questions involved, and prepared and filed an answer. The only evidence as to the reasonable value of such

services is the undisputed testimony of attorney Haddock, and the claim of the defense is that the amount of that fee was included in the stated account, which contention was overruled by the trial court.

As the Circuit Court found in favor of the plaintiff upon all of the material issues and there is competent evidence to support the findings, the judgment is affirmed.                        AFFIRMED.

McBRIDE, C. J., and BENNETT and HARRIS, JJ., concur.