Argued 20 June, decided 17 July, 1905.

## PETERSON v. CREASON.

81 Pac. 574.

PAROL EVIDENCE—WRITTEN CONTRACT.

1. Where a mortgagee of certain property orally agreed to indemnify a purchaser of a part thereof against certain judgment liens in consideration of his purchasing and paying the consideration to such mortgagee, whereupon the purchaser took a deed from the owners, the mortgagee not being a party thereto, but releasing his mortgage as to the property purchased, parol evidence of the indemnity contract was not objectionable as contradicting the deed and release.

STATUTE OF FRAUDS — ORIGINAL AND COLLATERAL UNDERTAKINGS.

2. An oral agreement by a mortgagee to indemnify a purchaser of a portion of the property mortgaged against judgment liens for a present consideration passing to such mortgagee, is an original undertaking, and not within the statute of frauds.

LIMITATION OF ACTION ON INDEMNITY CONTRACT.

3. A right of action under a contract to indemnify against loss or injury from certain money demands does not accrue until the person indemnified suffers some loss from such demands.

From Douglas : JAMES W. HAMILTON, Judge.

Statement by MR. JUSTICE BEAN.

This is a suit by Peter Peterson against C. J. Creason, to enforce an indemnity contract. The facts are these: In April, 1894, Edward, George and Rose Bushey were the joint owners of a large tract of land near the City of Roseburg, which was mortgaged to David Grenot for about $7,000. The Busheys desired to lay off a part of the land into town lots for sale. Grenot objected on the theory that he would thereby lose from the lien of his mortgage the land covered by the proposed streets and alleys. In order to satisfy him and obtain his consent to the platting of the property, about 10 acres of the platted portion was not subdivided into lots, but was marked on the recorded plat or map as "Reserved," it being understood orally between the Busheys and Grenot that the land so marked should be reserved as additional security to Grenot. Soon after the laying off of the property, judgments were obtained against the Busheys by Thompson and Josephson for about $900, and they were duly docketed. Thereafter,

and in August, 1896, the plaintiff purchased about three acres of the land marked "Reserved" on the map or plat for $1,000. The negotiations for the purchase were had with Grenot and Buick, agent for the Busheys. Grenot agreed, in consideration of the payment to him of the purchase price, to release the property from the lien of his mortgage, and to indemnify and save harmless the plaintiff from the lien of the Thompson and Josephson judgments. The plaintiff, relying upon this agreement and promise of Grenot, accepted the deed from the Busheys, and paid to Grenot the entire purchase price, and Grenot released his mortgage as stipulated, but failed and neglected to protect the plaintiff from the judgment liens, and on account thereof he was compelled to and did pay, in November, 1899, $900, in order to protect his title. Grenot died, leaving a large amount of property, which descended to the defendant, and on account thereof this suit is prosecuted against her on the indemnity contract. The defendant had a decree in the court below, and the plaintiff appeals.                    REVERSED.

For appellant there was a brief with oral arguments by *Mr. William Wilshire Cardwell* and *Oliver Perry Coshow.*

For respondent there was a brief with oral arguments by *Mr. Andrew Murray Crawford* and *Mr. Frank Williamson Benson.*

MR. JUSTICE BEAN delivered the opinion of the court.

To support the decree of the court below the defendant contends: (1) That evidence to prove a contract by Grenot to protect the plaintiff from the Thompson and Josephson judgment liens was incompetent and inadmissible, because it tended to vary or contradict a written contract; (2) that the indemnity contract was not in writing, and therefore void under the statute of frauds; and (3) the suit is barred by the statute of limitations.

1. It is argued that there can be no proof of the terms of the contract under which plaintiff purchased and acquired title to the property in question, except the deed from the Busheys and the release by Grenot of his mortgage, and that all oral negotiations or agreements are merged in these two instruments. But neither of them was intended to contain the terms of the contract with Grenot by which he agreed to release his mortgage and to protect the plaintiff against the judgment liens. He was not a party to the Bushey deed, and if it had contained such a stipulation, it would not have been binding on him. The release by him of his mortgage was made in pursuance of his contract and in part performance thereof. It was not designed to contain the contract, or any of its terms. The contract was that in consideration of the payment to him of $1,000, the purchase price of the property, he would release his mortgage, and also indemnify and protect the plaintiff against the judgment liens. This agreement was independent of the deed from the Busheys and of the release of the mortgage by Grenot, and was not in writing.

2. Whether a contract between two persons, whereby one agrees to protect or save harmless the other against liability to or the claim of some other person is within the statute of frauds, and void unless in writing, has been the subject of much discussion by the courts and text-writers since the cases of *Thomas* v. *Cook*, 8 B. & C. 728, and *Green* v. *Cresswell*, 10 Adolph. & E. 153. The able and exhaustive opinion of Mr. Justice WOLVERTON on this question in *Rose* v. *Wollenberg*, 31 Or. 269 (44 Pac. 382, 39 L. R. A. 378, 65 Am. St. Rep. 826), renders unnecessary its further examination at this time. It is sufficient for the present purposes, as he points out, that where the promisor has a "personal, immediate, or pecuniary" interest in the transaction, and the inducement for his promise is a benefit to him, the contract is not within the statute, and the courts

will give effect to the promise, although not in writing. In such case the contract is an original, and not a collateral, undertaking. It is not the promise of one person to answer for the default or miscarriage of another, but is, in substance, the original contract of the promisor: 16 Am. & Eng. Enc. Law (2 ed.), 169; *Davis* v. *Patrick*, 141 U. S. 479 (7 Sup. Ct. 1102, 30 L. Ed. 1090); *Kutzmeyer* v. *Ennis*, 27 N. J. Law, 371; and the authorities cited in *Rose* v. *Wollenberg*. Within this rule the promise of Grenot to protect and save plaintiff harmless from the Thompson and Josephson judgment liens was clearly valid. It was a promise made by him for his benefit, and the consideration moved to him. By reason of such promise he obtained the purchase price of the land, and therefore received a benefit which he otherwise would not have enjoyed. He was not a stranger to the transaction, agreeing to discharge the obligations of some other party. He had an immediate and personal interest in the sale of the land by the Busheys to the plaintiff. Without it he would not have received the $1,000, which he was very anxious to obtain, and his promise to indemnify and save plaintiff harmless from the judgment liens would not have been made. He was therefore the party to be benefited by the performance of the contract. The making of his promise was to subserve a pecuniary and present interest of his own, and is therefore valid.

3. The agreement was not, however, to warrant and defend the title to the land purchased by the plaintiff, nor was it to pay or discharge the judgment liens. But it was to indemnify and save plaintiff harmless from any injury or damage he might suffer by reason of such liens. The cause of action on the contract therefore did not accrue at once, and could not until plaintiff was in some way injured by its breach. This did not occur until he was entitled to bring and prosecute an action thereon, and that

was only when he was compelled to pay the lien to save his property (*Rowsey* v. *Lynch*, 61 Mo. 560), and is therefore not barred by the statute of limitations.

The decree of the court will be reversed, and one entered here in favor of the plaintiff.            REVERSED.